**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**

Mr. JAMES LEE SPANN #160792 )
(full name)  (Register No). )

~~_____~~ )

_____ )

Plaintiff(s). )

v. )

THE CITY OF JEFFERSON CITY, Missouri )
(Full name) )

ET, AL )

_____ )

Defendant(s). )

Case No._____

T4-4259-CV-C-BCW-P

JURY TRIAL DEMANDED
CLASS ACTION COMPLAINT

Defendants are sued in their (check one):
____ Individual Capacity
____ Official Capacity
✓ Both

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983

I. Place of present confinement of plaintiff(s): JEFFERSON CITY CORRECTIONAL CENTER, (8-E-101) 8200 NO MORE VICTIMS, dr, JEFFERSON CITY Missouri 65102

II. Parties to this civil action:
Please give your commitment name and any another name(s) you have used while incarcerated.

A. Plaintiff Melvin Ford AKA JAMES L. SPANN Register No. 160792
Address JEFFERSON CITY CORR. CENTER, 8200 NO MORE VICTIMS dr (8-E-101) JEFFERSON CITY, Missouri 65102

B. Defendant THE CITY OF JEFFERSON CITY, Missouri

Is employed as Missouri DEPARTMENT OF CORRECTIONS

For additional plaintiffs or defendants, provide above information in same format on a separate page.

1

III. Do your claims involve medical treatment? Yes ✓ No ____

IV. Do you request a jury trial? Yes ✓ No ____

V. Do you request money damages? Yes ✓ No ____

State the amount claimed? $ 1,000,000 / 1,000,000 (actual/punitive)

VI. Are the wrongs alleged in your complaint continuing to occur? Yes ✓ No ____

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedure?
Yes ✓ No ____

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution? Yes ✓ No ____

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)
I Finished each Grievance Appeal Stage, For Medical, Conditions of Confinement, Inadequate Ventilation, Denied Recreation and Shower, Housed with Mentally-Ill inmates, Excessive noise, Retaliated against for Filing Grievances, Denied Sleep, Contraband And Thinking Housed in Structurally inadequate Housing Unit and Denied Medical And Psychiatric Treatment

D. If you have not filed a grievance, state the reasons.
_____
_____
_____
_____

VIII. Previous civil actions:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case? Yes ✓ No ____

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated? Yes ____ No ✓

C. If your answer is "Yes," to either of the above questions, provide the following information for each case.

(1) Style: JAMES SPANN V SHARON ROPER
    (Plaintiff)              (Defendant)
(2) Date filed: JANUARY 2004

2

(3) Court where filed: _Eastern District of Missour Courts_

(4) Case Number and citation: _453 F3d 1087 (8TH Cir 2006)_

(5) Basic claim made: _Medical_

(6) Date of disposition: _____

(7) Disposition: _____
          (Pending) (on appeal) (resolved)
(8) If resolved, state whether for: _Plaintiff_
           (Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX.    Statement of claim:

A.    State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

_See Attached Complaint_

_Listing First, Eighth and Fourteenth Amendment Rights_

B.    State briefly your legal theory or cite appropriate authority:

_Retaliated Against For Filing Grievances Against the Conditions of Confinement, Denial of Medical Treatment and Deprived Basic Life Necessities_

3

X. Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.

*THAT A JURY TRIAL BE TAKEN AGAINST THE CRUEL RETALIATORY UNUSUAL CONDITIONS, AND TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BE GRANTED AGAINST DEFENDANT(S) FOR PLAINTIFF TO RECEIVE MEDICAL TREATMENT AND SEPERATED FROM THE MENTALLY-ILL ON (8-E) WALK-AND BE TRANSFERRED WITHOUT RETALIATION AND AWARD MONEY DAMAGES*

XI. Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name. *NONE -OR- NOBODY*

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action? Yes _✓_ No_____

If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.

*SEE ATTACHED MOTION FOR APPOINTMENT OF COUNSEL*

C. Have you previously had a lawyer representing you in a civil action in this court?
Yes _____ No _✓_

If your answer is "Yes," state the name and address of the lawyer.

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this _19_ day of _AUGUST_ 20_14_.

_MR. JAMES SPANN 160792_
Signature(s) of Plaintiff(s)

*PURSUANT TO 28 USC § 1746, I DECLARE UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT 8-19-2014*

4

Mr. James Lee Spann
Plaintiff

vs.

The United States District Court
Of the Western District of Missouri

The City of Jefferson City, Missouri
Missouri Department of Corrections
Dir. Mr. George A. Lombardi
Div. Dir. Mr. Dave Dormire
Deputy. Div. Dir. Mr. Alan Earls
Supt. Mr. Jay Cassady
FUM. Ms. Gracie Humphry
FUM. Mr. Brian Schmutz
Maint. Sup. Mr. Jim Wakeman
NP. Ms. Pamela Swartz
NP. Ms. Sydnee Serr
Psych. Sup. Ms. Jennifer White
LPN. Ms. Carol Conn
LPN. Ms. Jessica Timberlake

Defendant(s)

14-4259- CV - C - BCW - p

Case No.

Jury Trial Demanded

Violation of the First, Eighth
And Fourteenth Amendment

## Jurisdiction & Venue

1). This is a civil action authorized by 42 U.S.C. Section §1983 to redress the retaliation for filing against staff officials, and the usage of the administrative grievance proceedings, the intentional cruel unusual punishment of deliberate indifference of plaintiff denial of medical treatment and being denied the basic life necessities under conditions of confinement, by the above named listed defendant(s) working under the color of state law rights secured by the constitutional protection of the United State Government. The courts has jurisdiction under 28 U.S.C Section §1331 and 1343 (a)(3), and plaintiff seeks declaratory and injunctive relief of the pursuant to 28 U.S.C 2283 & 2284 and Rule 65 of the federal rule and procedure. Inwhich, each name defendant(s) in the complaint acted with malice and beyond the scope of his employment.

2). The Western District of Missouri is an appropriate venue under 28 U.S.C Section 1391 (b)(A). Because it is where the events arised given claim to have occured, that places plaintiff in irreparable harm of imminent

2

DANGER WITHIN A SUBSTANTIAL RISK OF HARM DAILY.

## II. PLAINTIFF

3). PLAINTIFF MR. JAMES LEE SPANN, IS AND WAS, AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF MISSOURI, AT JEFFERSON CITY CORRECTIONAL CENTER, 8200 NO MORE VICTIMS. DR, (CELL 8-E-101), JEFFERSON CITY, MO 65102 WHERE HIS FIRST, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS WAS DENIED AND VIOLATED.

## III. DEFENDANT(S)

4). THE DEFENDANT... THE CITY OF JEFFERSON CITY, MISSOURI, HAVE MADE A BINDING CONTRACT WITH THE "MISSOURI DEPARTMENT OF CORRECTIONS" TO HOUSE PRISONERS AT JEFFERSON CITY CORRECTIONAL CENTER. IN WHICH PLAINTIFF IS ONE OF THOSE PRISONERS HOUSED, BY DEFENDANT(S) BINDING STATUTORY COMMON LAW UNDER MO. REV. STAT 217.025, 217.043 AND 217.230, THAT HOLDS LIABILITY TO MIS-REPRESENTED POLICY D5-3 OFFENDER RIGHTS.

DEFENDANT(S) HAVE KNOWINGLY HOUSED PLAINTIFF IN A STRUCTURALLY UNFINISHED INADEQUATE HOUSING UNIT, AND FAILED TO TRAIN ITS EMPLOYEES -OR- REVIEW THE BLUE-PRINT OF STRUCTURALLY INADEQUATE HOUSING-UNIT (8) EIGHT-HOUSE, THAT CAUSED A VIOLATION OF PLAINTIFF EIGHTH, FIRST AND FOURTEENTH AMENDMENT RIGHTS. THEREFORE, DEFENDANT(S) IS BEING SUED IN THEIR INDIVIDUAL AND OFFICIAL COMPACITY FOR $1,000,000 dollars COMPENSARY DAMAGES AND FOR $1,000,000 dollars PUNATIVE DAMAGES.

5). THE DEFENDANT(S), "MISSOURI DEPARTMENT OF CORRECTIONS", KNOWINGLY HOUSED PLAINTIFF IN A STRUCTURALLY DEFICIENT UNFINISHED HOUSING-UNIT IN ADMINSTRATIVE SEGREGATION AND DEPRIVED PLAINTIFF OF BASIC LIFE

NECESSITIES, BY STATUTORY LAW OF MO. REV. STAT 217.025, 217.043 AND 217.230 ALONG WITH POLICY-D5-3 TO SUPPORT THEIR UNCONSTITUTIONAL CUSTOM. DEFENDANT(S) ARE BEING SUED IN THEIR OFFICIAL AND INDIVIDUAL COMPASITY FOR $1,000,000, dollars COMPENSARY damages, AND $1,000,000 dollars PUNITIVE DAMAGES.

6). DEFENDANT GEORGE A. LOMBARDI, IS THE DIRECTOR OF MISSOURI DEPARTMENT OF CORRECTIONS AND IS GUIDED BY MO. REV. STAT CHAPTER 217 STATUTORY LAW. A). THE DIRECTOR SHALL ESTABLISH THE DUTIES AND RESPONSIBILITIES OF EMPLOYEES OF THE DEPARTMENT, HE SHALL SUPERVISE THEIR WORK ASSIGNMENTS AND MAY REQUIRE REPORTS FROM ANY EMPLOYEE AS TO THIS CONDUCT AND MANAGEMENT RELATING TO THE CORRECTIONAL CENTERS AND PROGRAMS OF THE DEPARTMENT. THE DIRECTOR SHALL ALSO BE RESPONSIBLE FOR THE IMPLEMENTATION OF UNIFORM POLICIES AND PROCEDURES GOVERNING OFFENDERS AND STAFF.

B). THE DIRECTOR SHALL HAVE CONTROL AND JURISDICTION OVER ALL REAL-ESTATE, BUILDINGS, EQUIPMENT, MACHINERY, CORRECTIONAL CENTERS AND PRODUCTS PROPERLY BELONGING TO, OR USED BY, OR IN CONNECTION WITH THE FACILITY WITHIN THE DEPARTMENT EXCEPT WHERE SUCH CONTROL AND JURISDICTION ARE RESERVED TO OTHERS THE (DEPARTMENT CONTROL) BY LAW.

C). THE DIRECTOR SHALL MAKE AND ENFORCE SUCH RULES, REGULATIONS, OTHERS AND FINDINGS AS THE DIRECTOR MAY DEEM NECESSARY FOR THE PROPER MANAGEMENT OF ALL CORRECTIONS CENTER AND PERSONS SUBJECT TO DEPARTMENT CONTROL.

D). THE DIRECTOR SHALL ESTABLISH AND MAINTAIN CORRECTIONAL CENTERS AND UNITS, AS PROVIDED BY APPROPRIATIONS, FOR SEGREGATION OF MALE AND FEMALE OFFENDERS, AND FOR THE CLASSIFICATION OF OFFENDERS BASED ON THE LEVEL OF SECURITY, SUPERVISIONS AND PROGRAM NEEDS.

E). THE DIRECTOR SHALL ARRANGE FOR NECESSARY HEALTH-CARE SERVICES,
FOR OFFENDERS CONFINED IN CORRECTIONAL CENTERS.

DEFENDANT MR. GEORGE A. LOMBARDI VIOLATED MO. REV. STAT AND POLICY
D5-3, AND IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL COMPASITY FOR
$700,000 dollars COMPENSARY damages, AND $700,000 dollars PUNITIVE DAMAGES

7). DEFENDANT DAVE DORMIRE, IS THE DIVISION DIRECTOR OVER JEFFERSON CITY
CORRECTIONAL CENTER AND WAS THE ACTING SUPERINTENDENT AT THE TIME
OF ITS CONSTRUCTION. DEFENDANT MR. DORMIRE WAS PUT ON NOTICE BY
WRITTEN LETTERS, GRIEVANCE PROCEEDINGS AND KNEW FIRST HAND THE HORRIBLE
CRUEL CONDITIONS OF THE INADEQUATE VENTILATION SYSTEM THAT CAUSED
PLAINTIFF SERIOUS MEDICAL NEEDS, WITHIN HIS CONDITIONS OF CONFINEMENT.

DEFENDANT FAILURE TO TRAIN ITS OFFICIALS DEPRIVED PLAINTIFF OF HIS
CONSTITUTIONAL RIGHTS, AND HE IS BEING SUED IN HIS INDIVIDUAL AND
OFFICIAL COMPASITY FOR $700,000 COMPENSARY damages, AND $700,000
PUNATIVE DAMAGES.

8). DEFENDANT MR. ALAN EARLS IS THE DEPUTY DIVISION DIRECTOR THAT
FABRICATED THE GRIEVANCE APPEAL ANSWER, AND HAS MADE HIMSELF LIABLE
BY KNOWING THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT, ABOUT THE
INADEQUATE VENTILATION AND PLACING PLAINTIFF ON A WALK WITH THE
MENTALLY-ILL INMATES, THAT CAUSE UNSANITARY CONDITIONS. PLAINTIFF
WROTE DEFENDANT MR. EARLS LETTERS AND PUT HIM ON NOTICE THROUGH THE
GRIEVANCE PROCEEDING. THEREFORE, DEFENDANT ALAN EARLS IS BEING
SUED IN HIS INDIVIDUAL AND OFFICIAL COMPASITY FOR $700,000 dollars
COMPENSARY damages, AND $700,000 dollars PUNITIVE DAMAGES.

9). DEFENDANT JAY CASSADY, IS THE SUPERINTENDENT OVER "JEFFERSON CITY CORRECTIONAL CENTER", AND VIOLATED PLAINTIFF FIRST AMENDMENT RIGHTS BY RETALIATING AGAINST PLAINTIFF FOR FILING GRIEVANCES AGAINST HIS CONDITIONS OF CONFINEMENT, INWHICH DEFENDANT VIOLATED MO. REV. STAT. § 217.025, 217.043 AND 217.230, THEREFORE, DEFENDANT FAILURE TO TRAIN IT'S OFFICIALS DEPRIVED PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS, AND HE'S BEING SUED IN HIS INDIVIDUAL AND OFFICIAL COMPASITY FOR $700,000 dollars COMPENSARY DAMAGES, AND $700,000 dollars PUNITIVE DAMAGES.

10). DEFENDANT MS. GRACIE HUMPHRYS, IS AND WAS, THE FUNCTIONAL UNIT MANAGER AT "JEFFERSON CITY CORRECTIONAL CENTER", THAT "HAS BEEN TRANSFERRED TO BONNEVILLE CORRECTIONAL CENTER " BCC ". DEFENDANT "HUMPHRY" WAS PUT ON NOTICE THROUGH FACE TO FACE COMMUNICATION, LETTERS AND THE GRIEVANCE PROCEEDINGS ABOUT PLAINTIFF UNCONSTITUTIONAL CRUEL CONDITIONS OF CONFINEMENT, INWHICH DEFENDANT WAS DELIBERATE INDIFFERENT TO PLAINTIFF HEALTH AND SAFETY IN ADMINSTRATIVE SEGREGATION. THE DEFENDANT HUMPHRYS IS BEING SUED IN HER INDIVIDUAL AND OFFICIAL COMPASITY, FOR $700,000 dollars COMPENSARY DAMAGES, AND $700,000 PUNITIVE DAMAGES.

11). DEFENDANT MR. SCHMUTZ IS THE FUNCTIONAL UNIT MANAGER NOW, BUT WAS A CASEWORKER AT "JEFFERSON CITY CORRECTIONAL CENTER" OVER ADMINISTRATIVE SEGREGATION OF (8) EIGHT HOUSE, AND DEFENDANT "BRIAN SCHMUTZ" THREATEN TO KILL AND RETALIATED AGAINST PLAINTIFF FOR FILING ADMINISTRATIVE GRIEVANCES AGAINST HIS CONDITIONS OF CONFINEMENT. DEFENDANT "SCHMUTZ" WAS PUT ON NOTICE BY FACE TO FACE, LETTERS, AND GRIEVANCE PROCEEDINGS, SO HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL COMPASITY FOR $700,000 dollars COMPENSARY AND $700,000 PUNITIVE DAMAGE

12). Defendant Mr. Jim Wakeman, is the Maintenance Supervisor at Jefferson City Correction Center, and solely holds responsibility for the inadequate maintenance inside (8) eight-house administrative segregation inadequate ventilation system. Defendant Mr. Wakeman was put on notice face to face and through the grievance proceedings about the cruel usubual punishment of plaintiff conditions of confinement. Therefore, plaintiff is sueing defendant Wakeman for $700,000 dollars compensary damages, and $700,000 dollars punitive damages.

13). Defendant Ms. Pamela Swartz is a nurse practioner at Jefferson City Correctional Center, and was deliberate indifferent to plaintiff serious physical injuries, inwhich defendant Ms. Swartz intentionally denied, delayed and ignored a escalating substantial risk of serious harm to plaintiff medical injuries of spinal back pain, nose bleeding and shortness of breathing, that exacerated by defendant Ms. Swartz delay. Therefore, she is being sued in individual and official compasity for $700,000 dollars compensary damages, and $700,000 dollars punitive damages

14). Defendant Ms. Sydnee Serr is and was the nurse practioner at Jefferson City Correctional Center, and now works at Tipton Correctional Center full time. Defendant Serr was deliberate indifferent to plaintiff serious medical needs, that exacerated daily by delay of treatment. Therefore, she is being sued in her individual and official compasity, for $700,000 dollars compensary damages, and $700,000 dollars punitive damages.

15). DEFENDANT MS. JENNIFER WHITE, IS THE SUPERVISOR OVER THE PSYCHIATRIC DEPARTMENT AT JEFFERSON CITY CORRECTIONAL CENTER, AND RETALIATED AGAINST PLAINTIFF FOR FILING ADMINISTRATIVE GRIEVANCES AGAINST STAFF. DEFENDANT WHITE WAS DELIBERATE INDIFFERENT TO PLAINTIFF PSYCHIATRIC NEEDS, AND REFUSE TO TREAT AND ASSESS PLAINTIFF FOR A PSYCHIATRIC EVALUATION AFTER PLAINTIFF START HEARING VOICES, HAVING THOUGHTS OF SUICIDE AND TOLD HER FACE TO FACE ABOUT BEING HOUSED ON A WALK IN ADMINISTRATIVE SEGREGATION WITH THE MENTALLY-ILL. DEFENDANT MS. JENNIFER WHITE IS BEING SUED IN HER INDIVIDUAL AND OFFICIAL COMPASITY, FOR 700,000 dollars COMPENSARY DAMAGES, AND 700,000 dollars PUNITIVE DAMAGES.

16). DEFENDANT MS. CAROL CONN IS A LICENSE PRACTICING NURSE AT JEFFERSON CITY CORRECTIONAL CENTER, AND WAS DELIBERATE INDIFFERENT TO PLAINTIFF SERIOUS PHYSICAL INJURIES, INWHICH DEFENDANT CONN INTENTIONALLY DENIED, DELAYED AND IGNORED A ESCALATING SUBSTANTIAL RISK OF SERIOUS HARM TO PLAINTIFF MEDICAL INJURIES OF SPINAL BACK PAIN SCOLOSIS, NOSE BLEEDING, AND SHORTNESS OF BREATHING, THAT EXACERATED BY MS. CONN DELAY, INWHICH SHE CALLED PLAINTIFF A NIGGER. THEREFORE, SHE IS BEING SUED IN HER INDIVIDUAL AND OFFICIAL COMPASITY FOR 700,000 dollars COMPENSARY, AND 700,000 PUNITIVE DAMAGES.

17). DEFENDANT MS. JESSICA TIMBERLAKE, WAS A LICENSE PRACTICING NURSE AT JEFFERSON CITY CORRECTIONAL CENTER, BUT HAS LEFT-OR-TRANSFERED TO ANOTHER JOB TITLE THAT IS NONE BY DEFENDANT MISSOURI DEPARTEMENT OF CORRECTION. SHE REFUSE TO TREAT PLAINTIFF MEDICAL EMERGENCY ON TWO OCCASION, INWHICH SHE RETALIATED AGAINST PLAINTIFF FOR FILING AGAINST MEDICAL STAFF. SHE IS BEING SUED IN HER INDIVIDUAL AND OFFICIAL COMPASITY FOR 700,000 dollars COMPENSARY DAMAGES, AND 700,000 dollars PUNITIVE DAMAGES.

18). EACH NAMED DEFENDANT INSIDE PLAINTIFF COMPLAINT OF 42 U.S.C § 1983, IS BEING SUED INSIDE THEIR INDIVIDUAL AND OFFICIAL COMPACITY, FOR THE AMOUNT LISTED UNDER THEIR POSITIONAL TITLE. AT ALL TIMES, EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW AT JEFFERSON CITY CORRECTIONAL CENTER, 8200 NO MORE VICTIMS. DR, JEFFERSON CITY, MISSOURI 65102; IN WHICH DEFENDANTS VIOLATED PLAINTIFF FIRST, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION.

19). PLAINTIFF HAS ATTACHED EACH AFFIDAVIT, EXHIBIT AND POLICY-OR-STATUTORY LAW OF MO. REV STAT. (§ 217.043)(217.025) AND (217.230) IS ATTACHED AT THE END OF COMPLAINT.

PLAINTIFF HAS ALPHABETICALLY LETTERED A-TO-G AFFIDAVITS AND EXHIBITS.

20). PLAINTIFF HAS ALSO MADE HIS OWN AFFIDAVIT AND ATTACHED IT TO THE COMPLAINT.

21). PLAINTIFF HAS CONJOINED HIS COMPLAINT WITH "MATTHEW LEE JOHNSON" AND WILL REQUEST THE COURTS TO SEEK THE CASE BEING "CLASS ACTION" 42 USC § 1983 COMPLAINT, BECAUSE THE SET OF CIRCUMSTANCES SURROUNDS THE SAME CONSTITUTIONAL VIOLATIONS AT JEFFERSON CITY CORRECTIONAL CENTER INSIDE (8) EIGHT-HOUSE ADMINISTRATIVE SEGREGATION.

THEREFORE, PLAINTIFF REQUEST BOTH COMPLAINTS BE REVIEWED FOR CLASS ACTION STATIS AGAINST DEFENDANT(S), BECAUSE THIS WOULD SAVE THE COURTS AND THE CLERK EXTENSIVE TIME AND INVESTIGATIVE RESEARCH.

## IV. FACTS

THE PLAINTIFF "MR. JAMES LEE SPANN" IS CLASSIFIED AS A CITIZEN OF JEFFERSON CITY, MISSOURI, UNDER THE CUSTODY AND CARE OF MISSOURI DEPARTMENT OF CORRECTIONS AT JEFFERSON CITY CORRECTIONAL CENTER, 8200 NO MORE VICTIMS.DR, JEFFERSON CITY, MISSOURI, 65102.

WHEREBY, EACH LISTED NAMED DEFENDANT HAS CONTINUED TO THIS DATE BEING DELIBERATE INDIFFERENT TO PLAINTIFF SUBSTANIAL RISK OF SERIOUS HARM OF MEDICAL NEEDS, RETALITORY FOR PLAINTIFF FILING ADMINSTRATIVE GRIEVANCES AGAINST STAFF, AND VIOLATING CONTEMPORARY STANDARDS OF DECENCY IN HIS CONDITIONS OF CONFINEMENT.

PLAINTIFF REMAINS INSIDE IMMINENT DANGER, IRREPAIRABLE HARM AND DENIED THE BASIC LIFE NECESSITIES, WHILE DEFENDANTS IGNORE A ESCALATING EXACEBERATE INJURY OF PLAINTIFF SPINAL SCOLOSIS BACK PAIN, HEAD INJURY OR PSYCHOLOGICAL NEEDS, NOSE BLEEDING, SHORTNESS OF BREATHING AND DENIAL OF SLEEP BECAUSE OF EXCESSIVE NOISE BEING HOUSED WITH THE MENTALLY-ILL IN ADMINSTRATIVE SEGREGATION.

THE DEFENDANT(S) "THE CITY OF JEFFERSON CITY, MISSOURI AND THE MISSOURI DEPARTMENT OF CORRECTIONS (MDOC), BOTH HAVE MADE A BINDING CONTRACT VESTED INTEREST BY CONSTITUTIONAL LAW — UNDER STATUTORY MO. REV. STAT §217.025, §217.043 AND §217.230; THAT PACIFICALLY STATES; THE MISSOURI DEPARTMENT OF CORRECTIONS SHALL APPROVE-OR-IS AUTHORIZED TO CONTRACT WITH THE UNITED STATES-OR-ANY OTHER STATE TO PROVIDE CUSTODY AND HOUSING, WITHIN THE DEPARTMENT OF CORRECTIONS OF CONVICTED OFFENDERS.

THIS BINDING CONTRACTED APPROVAL PASSED FOR JEFFERSON CITY CORR. CENTER ESTABLISHMENT TO BE BUILT, WITHIN THE JURISDICTION AND CONSENT

OF "THE CITY OF JEFFERSON CITY, MISSOURI " FINAL APPROVAL AUTHORIZATION, INWHICH BOTH DEFENDANT(S) UNDER SIGNED AGREEMENT ESTABLISHED TOGATHER MO. REV. STAT. STATUTORY LAWS OF § 217.025, 217.043 AND § 217.230.

THE STATUES AND LAWS WAS GIVEN TO THE DIRECTORY OF DEFENDANT(S) MR. GEORGE A. LOMBARDI, MR. DAVE DORMIRE AND MR. ALAN EARLS, WITH SOLE AUTHORITY TO DIRECT, SUPERVISE AND CONTROL THE REAL-ESTATE AT JEFFERSON CITY CORRECTIONAL CENTER AND ITS SUBORDINATE SUPERVISION, INCLUDING THE MEDICAL TREATMENT PROTOCOL PROCEDURES TO BE ADMINSTERED FOR PRISONERS WITHIN THEIR CONDITIONS OF CONFINEMENT.

DEFENDANT(S) INTENTIONALLY AND PURPOSELY FAILED TO DISCLOSE TO THE GENERAL PUBLIC -OR- CITIZEN COMMITTEE BOARD ASSEMBLY, THAT THE FINAL CONSTRUCTIONAL BLUE-PRINT OF "JEFFERSON CITY CORRECTIONAL CENTER " HAD A STRUCTURALLY INADEQUATE DEFICIENCY, THAT WOULD RISK THE LIFES OF PRISONERS FUTURE HEALTH AND SAFETY, BECAUSE IT WAS TOTALLY IMPOSSIBLE TO CLEAN-OUT THE INADEQUATE VENTILATION INSIDE THE CELLS OF (8) EIGHT-HOUSE ADMINSTRATIVE SEGREGATION UNIT.

THE DEFENDANT(S) THE CITY OF JEFFERSON CITY, MISSOURI AND "MISSOURI DEPARTMENT OF CORRECTIONS " KNEW THE STRUCTURALLY INADEQUATE HOUSING UNIT WAS TOTALLY UNCONSTITUTIONAL, BUT THEY INTENTIONALLY TRIED TO COVER-UP THE FACTS OF THE HOUSING-UNIT HEALTH RISK, AND PUSH FORWARD WITH THEIR CRUEL APPROVAL TO HOUSE PRISONERS IN UNSAFE CONDITIONS OF CONFINEMENT.

DEFENDANT(S) HAVE WENT SO FAR, AS TO FABRICATE ANY ATTEMPT OF PRISONERS CHALLENGING THE INADEQUATE VENTILATION -OR- OTHER OBVIOUS UNCONSTITUTIONAL VIOLATIONS, THAT HAS BEEN CAUSED BY THEIR ACTIONS VIOLATING CLEARLY ESTABLISHED LAWS AND CONTEMPORARY STANDARDS OF DECENCY TO EXPOSE PLAINTIFF UNWILLINGLY TO THIS HEALTH RISK. DEFENDANT(S) HAVE

RECIEVED NUMEROUS COMPLAINTS ABOUT THE VENTILATION SYSTEM INSIDE (8) EIGHT-HOUSE BLOWING-OUT FIBERGLASS, VERMIT WASP, DUST AND POSSIBLY THE TRANSPORTED DISEASES OF HEPATITIS-C, TUBERCULOSIS AND STAPH INFECTION.

DEFENDANT(S) WITH A CULPABLE STATE OF MIND CONTINUES TO RISK THE HEALTH AND SAFETY OF PRISONERS AND PLAINTIFF, BY VIOLATING THE SIGNED OATH TO THE UNITED STATES OF AMERICA, WITHOUT ANY REGARD OF VIOLATING CONTEMPORARY STANDARDS OF DECENCY-OR-EVEN TRYING TO FOLLOW STATUES UNDER THE FIRST, EIGHTH AND FOURTEENTH AMENDMENT.

ON APRIL 4, 2014; PLAINTIFF WAS PLACED IN (8) EIGHT-HOUSE ADMINSTRATIVE SEGREGATION UNDER INVESTIGATION, ASSIGNED TO CELL #8-E-101 ...

DEFENDANT(S) KNEW PLACING PLAINTIFF IN SUCH A HIGH-RISK UNHEALTHY ENVIRONMENT UNDER CRUEL UNUSUAL CONDITIONS OF CONFINEMENT, WITHOUT PROPER VENTILATION WAS TOTALLY INHUMANE AND UNCONSTITUTIONAL. THESE DEFENDANT(S) BY THEIR OWN ACTS OF DELIBERATE INDIFFERENCE SUBJECTIVELY CAUSED PLAINTIFF THE UNNECESSARY WANTON INFLICTION OF PAIN KNOWINGLY, THAT CAUSED A SUBSTANTIAL RISK OF SERIOUS IRREPAIRABLE HARM TO PLAINTIFF PERSON.

THE STRUCTURALLY INADEQUATE HOUSING UNIT OF (8) EIGHT HOUSE CONSISTS OF ONLY (5) FIVE CELLS PER-WALK UNIT, WHICH IS SINGLE-MAN CELL MANDATED ON EACH INDIVIDUAL WALK. THE CELLS HAVE THE BACK WINDOWS COVERED, SO THAT PRISONERS CAN-NOT LOOK OUTSIDE THE BACK CELL WINDOWS.

PLAINTIFF IS PLACED IN UNREASONABLE AND UNSAFE LIVING CONDITIONS, THAT IS VERY OBVIOUSLY LIFE THREATENING AND UNCONSTITUTIONAL, WITH A VERY HIGH DEGREE OF A SUBSTANTIAL RISK OF SERIOUS HARM, AND HIS LEGAL ACTIVITIES ARE SEVERLY CURTAILED IN A HOUSING-UNIT INADEQUATELY STRUCTURED AROUND MENTALLY-ILL INMATES UNDER UNSANITARY CONDITIONS.

PLAINTIFF BEGAN WRITTING NUMEROUS LETTERS TO THE DEFENDANT(S) DIRECTORS GEORGE A. LOMBARDI, DAVE DORMIRE AND ALAN EARLS, CONCERNING THEIR FAILURE TO TRAIN OFFICIALS ABOUT CLEANING OUT THE INADEQUATE VENTILATION SYSTEM, THAT LEFT FIBERGLASS SCATTER ACROSS THE CELL FLOOR AND WAS BEGINNING TO MAKE PLAINTIFF SICK WITH DIZZINESS.

PLAINTIFF WAS PLACED ON A WALK WITH MENTALLY-ILL INMATES, THAT THREW FECES AND URINE, BANGED KICKING DOORS DAY AND NIGHT, SCREAMING AND YELLING IN GROUPS — WHILE OFFICIALS SPRAYED CHEMICAL MACE DAILY, WITHOUT ADEQUATE VENTS INSIDE THE CELLS TO DISPOSE OF CHEMICALS.

DEFENDANT(S) DO NOT HAVE A POLICY-OR-DIRECTIVE TO SEPERATE THE HIGH RISK PROFILE LEVEL (4) AND (5) MENTALLY-ILL INMATES, FROM THE MENTALLY STABLE IN ADMINISTRATIVE SEGREGATION. PLAINTIFF HAS BEEN DEPRIVED OF SLEEPING FOR WEEKS, BY THE MENTALLY-ILL MAKING EXCESSIVE NOISE PREVENTING PLAINTIFF FROM SLEEPING, THINKING AND CONCENTRATION.

DURING THE MONTH OF APRIL 2014; PLAINTIFF GOT EXTREMELY SICK FROM THE INADEQUATE VENTILATION BLOWING-OUT FIBERGLASS, DUST AND THE SMELL OF CHEMICAL MACE AND SMELL OF FECES FROM OTHER INMATE CELLS.

PLAINTIFF STARTED EXPERIENCING SERIOUS BACK SPINAL PAIN, NOSE BLEEDING AND SHORTNESS OF BREATHING, SO HE SPOKE WITH OFFICIAL STAFF OFFICERS "C01. MR ROBINSON" AND "C01. MR. STICKLEY ON APRIL 14, 2014 ABOUT FEELING DIZZY AND NOSE BLEEDING. THE OFFICERS REPORTED PLAINTIFF MEDICAL EMERGENCY TO THE NURSING STAFF AT JEFFERSON CITY CORRECTIONAL CENTER, AND WAS TOLD TO FILL-OUT A MEDICAL REQUEST FORM TO BE SEEN BY MEDICAL STAFF.

PLAINTIFF WAS SEEN TWO-DAYS LATER ON APRIL 16, 2014, IN WHICH PLAINTIFF SPOKE WITH "LPN. MS. BRANDY KILLIAN" ABOUT HIS SERIOUS SPINAL PAIN, NOSE BLEEDING

AND SHORTNESS OF BREATH WITH A SORE THROAT. MS. KILLIAN TOLD THE PLAINTIFF THERE WAS NOTHING SHE COULD DO, BESIDES RECOMMEND PLAINTIFF FOR REFERRAL TO THE DOCTOR CALL-OUT, BECAUSE SHE WASN'T QUALIFIED TO GIVE PLAINTIFF ANY MEDICATION.

PLAINTIFF WAS SENT BACK TO HIS CELL #8-E-101, AND THE MENTALLY-ILL SHANNON, MILTON #157394 WHOM BARKS LIKE A DOG; LEONARD MEAD #157373 WHOM YELLS AND SCREAMS THROWING FECES ALL NIGHT AND DAY, WITH CEDRIC CLARK #1034680 WHOM KICKS DOORS AND THROWS FECES AND URINE, CONTINUED TO DEPRIVE PLAINTIFF OF SLEEPING FOR WEEKS, CONCENTRATING AND THINKING. THE THREE NAMED MENTALLY-ILL INMATES BEGAN MAKING THREATS OF THROWING FECES AND URINE ON PLAINTIFF, IF HE EVER WENT TO RECREATION-OR-SHOWER IN ADMINISTRATIVE SEGREGATION. PLAINTIFF WROTE NUMEROUS LETTERS TO DEFENDANT(S) MR. GEORGE A. LOMBARDI, MR. DAVE DORMIRE AND MR. ALAN EARLS, MR. JAY CASSADY, MS GRACIE HUMPHRY AND MR. SCHMUTZ ABOUT THE INHUMANE CONDITIONS OF BEING IN A CELL WITH INADEQUATE VENTILATION, DENIAL OF MEDICAL TREATMENT AND BEING HOUSED INSIDE A UNIT WITH MENTALLY-ILL HIGH LEVEL (4) AND (5) PSYCHOTIC INMATES.

THE INADEQUATE VENTILATION SYSTEM MADE PLAINTIFF SERIOUS PHYSICAL INJURIES ESCALATE DAILY, BECAUSE PLAINTIFF WASN'T ABLE TO PARTICIPATE IN DAILY EXERCISE ROUTINES; SHOWER, SLEEP, CONCENTRATE, EAT FOOD, THINK AND PREVENTED FROM GOING TO RECREATION. PLAINTIFF SPOKE FACE TO FACE WITH DEFENDANT(S) MS. GRACIE HUMPHRYS, MR. BRIAN SCHMUTZ AND MR. JIM WAKEMAN PUTTING THEM ON NOTICE ABOUT HIS CRUEL UNUSUAL CONDITIONS OF CONFINEMENT AND SERIOUS MEDICAL NEEDS.

1). DEFENDANT MS. GRACIE HUMPHRY STATED; THIS HOUSING UNIT OF 8-HOUSE, IS FOR WHOMEVER I PLACE IN THOSE CELLS SICK-OR-NOT, SO IF

I PUT YOU "MR. SPANN" INSIDE CELL 8-E-101 ... THEN "MR. SPANN" THE VENTILATION AND NOISE BY THOSE "QUACKS" COME WITH IT.

2). DEFENDANT MR. BRIAN SCHMUTZ STATED; DUDE, I HAVE CAUGHT SINUS INFECTIONS SITTING IN MY OFFICE IN "8-HOUSE", BECAUSE THOSE VENTS CAN-NOT BE CLEANED-OUT INSIDE THOSE CELLS -OR- MY OFFICE. THAT IS HOW THIS BUILDING WAS CONSTRUCTED, SO STOP-STOP CRYING DUDE IT'S ONLY DUST AND FIBERGLASS FROM THE INSTILLATION. PLUS, THOSE CRAZY DUDES ON THAT WALK IS NOT GOING TO MESS WITH YOU.

3). DEFENDANT JIM WAKEMAN STATED; I DON'T CARE IF YOU EAT MUD PATTIES COMING OUT THOSE VENTS, BECAUSE I DON'T LIVE INSIDE THOSE CELLS AND DO NOT CARE IF THE VENTS ARE CLEANED-OR-NOT.

SEE EACH DEFENDANT RESPONSE TO PLAINTIFF GRIEVANCE 7-11-2014 AND OTHER GRIEVANCE RESPONSES ATTACHED.

THE ABOVE ACTIONS AND STATEMENTS MADE BY DEFENDANT(S) OWN OMISSION PUT THEM ON NOTICE, AND LIABLE TO PLAINTIFF FOR THEIR CRUEL DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS AND CONDITIONS OF CONFINEMENT. BECAUSE THERE IS CLEARLY ESTABLISH LAW AGAINST INADEQUATE VENTILATION AND EXCESSIVE NOISE, THAT INFLICTS PAIN WITHOUT A PENOLOGICAL JUSTIFICATION AND VIOLATES THE EIGHTH AMENDMENT.

IT HAS BEEN KNOWN SINCE THE 1500's, THAT THE DEPRIVATION OF SLEEP IS THE MOST EFFECTIVE TORTURE AND CERTAIN TO PRODUCE PHYSICAL AND MENTAL TORTURE, ESPECIALLY LIVING UNDER UNSANITARY CONDITIONS. THE NAMED

DEFENDANT(S) THE CITY OF JEFFERSON CITY, MISSOURI, MISSOURI DEPARTMENT OF CORRECTIONS, MR. GEORGE A. LOMBARDI, MR. DAVE DORMIRE, MR. ALAN EARLS MR. JAY CASSADY, MS. GRACIE HUMPHRY, MR. BRIAN SCHMUTZ AND MS. JENNIFER WHITE WAS DELIBERATE INDIFFERENT TO PLAINTIFF, BY THEIR FAILURE TO ADEQUATELY TRAIN, SUPERVISE, DISCIPLINE OFFICIALS, AND TAKE PREVENTATIVE -OR-REMEDIAL MEASURES TO PREVENT THE MENTALLY-ILL, FROM BEING HOUSED TOGATHER WITH THE MENTALLY STABLE MINDED IN ADMINISTRATIVE SEGREGATION. DEFENDANT(S) HAD FULL KNOWLEDGE OF SUCH PROPENSITES OF SUBORDINATES HOUSING THE MENTALLY-ILL TOGATHER WITH THE MENTALLY-STABLE MINDED INSIDE ADMINISTRATIVE SEGREGATION, THAT THE MENTALLY-ILL CAUSED UNSANITARY CONDITIONS OF CONFINEMENT.

DEFENDANT(S) RECIEVED NOTICE OF A PATTERN OF UNCONSTITUTIONAL ACTS COMMITTED BY THEIR CULPABLE STATE OF MIND TURNING A BLIND-EYE, CONDONING IT AND APPROVING TO HOUSE PLAINTIFF THE MENTALLY STABLE - AROUND THE PSYCHOTIC MENTALLY-ILL, WITHIN A STRUCTURALLY INADEQUATE HOUSING-UNIT WITH FILTHY INADEQUATE VENTILATION.

DEFENDANT(S) DEMONSTRATED DELIBERATE INDIFFERENCE, BY FAILING TO TAKE SUFFICIENT REMEDIAL ACTION, AND THEIR FAILURE PROXIMATELY CAUSED THE PLAINTIFF A SUBSTANTIAL RISK OF SERIOUS PSYCHOLOGICAL AND PHYSICAL IRREPAIRABLE HARM.

THE DEFENDANT(S) HAD KNOWLEDGE OF PLAINTIFF BEING HOUSED INSIDE A DEFICIENT STRUCTURALLY UNFINISHED INADEQUATE HOUSING-UNIT, AND THAT HE WAS BEING DEPRIVED OF THE MINIMAL CIVILIZED MEASURES OF BASIC LIFE NECESSITIES, IN WHICH DEFENDANT(S) REPETITIOUSLY AND INTENTIONALLY IGNORED WITHOUT CARING FOR PLAINTIFF PRESENT AND FUTURE HEALTH AND SAFETY BUT EACH DEFENDANT CLOSED THEIR EYES AND MIND TO THE OBVIOUS.

THE BARBARIC TOTALITY OF PLAINTIFF CONDITIONS OF CONFINEMENT, ALONE;

-OR- SEEN IN A COMBINATION DENIES THE PROTECTION AFFORDED BY THE EVOLVING STANDARDS OF DECENCY, THAT MARKS THE PROGRESS OF MATURING SOCIETY BY THE DEFENDANT(S) DIRECT LIABILITY OF THEIR FAILURE TO TRAIN, ENFORCE ADEQUATE POLICIES AND CUSTOMS REGARDING PROCEDURES GOVERNING PRISONERS AND STAFF. INSTEAD, DEFENDANT(S) ENCOURAGED SUCH BEHAVIOR BY THEIR CUSTOMS AND POLICIES AMOUNTING TO ACQUIESCENCE AND INDIFFERENCE TO VIOLATIONS OF PLAINTIFF CLASSIFIED AS A CITIZEN UNDER CONSTITUTIONAL RIGHTS, IN WHICH DEFENDANT(S) FACILITATED IT, APPROVED IT, CONDONED IT AND PURPOSELY TURNED A BLIND-EYE TO PLAINTIFF SUBSTANTIAL RISK OF SERIOUS HARM IN ADMINISTRATIVE SEGREGATION.

THE PLAINTIFF CAN PROVE BY UNDISPUTED FACTS, THAT THE INTENTIONAL DELIBERATE INDIFFERENCE OF THE DEFENDANT(S) MUNICIPALITY LIABILITY IS PREDICATED UPON A FAILURE TO ACT. ALSO, THE REQUISITE DEGREE OF FAULT IS SHOWN BY PROOF OF DEFENDANT(S) BACKGROUND EVENTS OF OTHER INMATES GRIEVANCES FILLED ON THE INADEQUATE VENTILATION IN THE CELLS, AFFIDAVITS, EVENTS AND CIRCUMSTANCES WHICH CAN ESTABLISH DEFENDANTS FAILURE TO FOLLOW MO. REV. STAT. 217.025, 217.043 AND 217.230 STATUTORY LAW, AND "POLICY D5-3" PROVES DEFENDANT(S) INACTION AND INADEQUATENESS TO FOLLOW THESE VALID CONSTITUTIONALLY APPROVED STATUES AND POLICIES, IS THE FUNCTIONAL EQUIVALENT OF HAVING ABSOLUTELY NO POLICY -OR- STATUTORY LAW, AT ALL.

PLAINTIFF BECAME EXTREMELY SICK AND REFUSE TO EAT FOOD TRAYS, SHOWER AND GO OUTSIDE TO RECREATION, BECAUSE OF THE INADEQUATE VENTILATION SYSTEM, MEDICAL SERIOUS INJURIES AND BEING HOUSED ON A WALK WITH THE MENTALLY-ILL LEAVING FECES AND URINE IN THEIR TOILETS TO CREATE A CESS-POLE SMELL. PLAINTIFF TOLD DEFENDANT "MR. SCHMUTZ" ABOUT IT, AND MR. SCHMUTZ STATED; "MR. SPANN, YOU'RE NOT LEAVING OFF THAT WALK UNTIL YOU DROPP YOUR GRIEVANCES AGAINST US.

THE DEFENDANT(S) DIRECTORS CAN BE LIABLE UNDER 42 U.S.C. §1983, BECAUSE THE AUTHORITY OF "MISSOURI DEPARTMENT OF CORRECTIONS" STATE DIRECTORS MAKES PRISON WIDE POLICY DECISIONS, MAY BE SUFFICIENT TO GIVE RISE TO LIABILITY UNDER 42 U.S.C § 1983.

THE DEFENDANT(S) AS DIRECTORS, MAY BE RESPONSIBLE FOR THEIR OWN FAILURE TO ACT, BASED ON THEIR STATUTORY DUTY TO ADMINISTER THE DEPARTMENT OF CORRECTIONS AND SUPERVISION OF SUPERVISING THE ADMINISTRATION OF ALL INSTITUTIONS, FACILITIES AND SERVICES UNDER THE DEPARTMENTS JURISDICTION, AND THE AUTHORITY TO CHANGE THE CHALLENGED POLICIES.

UNDER MISSOURI LAW, THE GENERAL SUPERVISION, MANAGEMENT AND CONTROL OF THE DEPARTMENT OF CORRECTIONS SHALL BE IN THE DIRECTOR OF MISSOURI CORRECTIONS. MO. REV. STAT, §217.025 (1). AS SUCH, MISSOURI DEPARTMENT OF CORRECTIONS DIRECTOR MR. GEORGE LOMBARDI, MR. DAVE DORMIRE AND MR. ALAN EARLS IS REQUIRED TO ESTABLISH THE DUTIES AND RESPONSIBILITIES OF EMPLOYEES OF THE DEPARTMENT AND SUPERVISE THEIR WORK ASSIGNMENTS. MO. REV. STAT. 217.025 (3).

EACH DEFENDANT DIRECTOR IS RESPONSIBLE FOR THE IMPLEMENTATION OF UNIFORM POLICIES AND PROCEDURES GOVERNING OFFENDERS AND STAFF, AND THEY MUST, MAKE AND ENFORCE SUCH RULES, REGULATIONS, ORDERS AND FINDINGS AS THE DIRECTORS MAY DEEM NECESSARY FOR THE PROPER MANAGEMENT OF ALL CORRECTIONAL CENTERS AND PRISONS SUBJECT TO THE DEPARTMENT'S CONTROL. MO. REV. STAT. 217.025 (3)(6).

PLAINTIFF WROTE EACH OF THE DIRECTORS AND SUPERINTENDANT MR. CASSADY AND PUT THEM ON NOTICE, THAT HE WAS PLACED INSIDE A CELL WITH INADEQUATE VENTILATION BLOWING-OUT FIBERGLASS, WASP BUGS, DUST, VERMIN BUGS, SMELL OF CHEMICAL MACE AND THE SMELL OF URINE AND FECES COMING FROM THE MENTALLY-ILL CELLS ON THE WALK. PLAINTIFF THEN FILED AN

ADMINISTRATIVE GRIEVANCES ABOUT BEING HOUSED ON A WALK WITH MENTALLY-ILL
INMATES, THAT CAUSED UNSANITARY CONDITIONS AND EXCESSIVE NOISE
KICKING ON DOORS DAY AND NIGHT, SCREAMING, MAKING ANIMAL NOISES,
THREATENING TO KILL PLAINTIFF -OR- THROW FECES ON HIM GOING TO THE
OUTSIDE RECREATION YARD -OR- SHOWER.

PLAINTIFF CONTINUES TO THIS DATE, REFUSES TO GO OUTSIDE FOR
RECREATION -OR- TAKE SHOWERS, BECAUSE THE MENTALLY-ILL CONTINUES
TO THREATEN HIM AND HE FEARS THE THREATS OF THE MENTALLY-ILL.

PLAINTIFF HAS REMAINED INSIDE HIS CELL UNDER IMMINENT DANGER,
WITHIN A SUBSTANIAL RISK OF SERIOUS HARM IN PAIN THAT CONTINUES
TO ESCALATE DAILY WITHOUT TREATMENT. PLAINTIFF BACK IS EXTREMELY SWOLLEN
AND HIS NOSE BLEEDS REGULARLY AND DEFENDANT(S) KNEW OF AND DISREGARDED A SERIOUS RISK.

PLAINTIFF HAD TO WAIT FOR (2) TWO-WEEKS, FOR HIS SCHEDULING APPOINTMENT
WITH THE NURSE PRACTIONER SCHEDULED DATE OF MAY 6, 2014, IN WHICH
DEFENDANT(S) DON'T HAVE A POLICY -OR- CUSTOM THAT THE INADEQUATE
VENTILATION SYSTEM IN (8) EIGHT-HOUSE IS CONSIDERED A MEDICAL EMERGENCY
-NOR- DO THEY ALLOW INMATES TO DECLARE MEDICAL EMERGENCY BECAUSE
OF THE INADEQUATE VENTILATION SYSTEM.

UPON MAY 6, 2014, TWO WEEKS AFTER BEING REFERRED BY THE
NURSES STAFF TO DOCTOR'S CALL-OUT FOR PLAINTIFF SERIOUS INJURIES. PLAINTIFF
WAS SEEN BY DEFENDANT(S) MS. PAMELA SWARTZ AND MS. CAROL CONN* WHOM
IMMEDIATELY BECAME ARROGANT AND CONTENTIOUS TOWARDS PLAINTIFF, FOR BEING
SEEN ABOUT HIS MEDICAL SERIOUS INJURIES THAT HAD EXACERATED DAILY BY DELAY.

PLAINTIFF BEGAN EXPRESSING HIS SUBSTANTIAL PAINFUL ISSUES TO BOTH
OF THE DEFENDANT(S) MS. SWARTZ AND MS. CONN*, ABOUT THE FACTS OF SPINAL PAIN,
AND HOW HIS NOSE BLEEDS CONSTANTLY FROM THE INADEQUATE AIR-BLOWING

OUT INSIDE HIS CELL, FROM THE UNCLEAN INADEQUATE VENTILATION. PLAINTIFF
EXPLAINED HIS MEDICAL ISSUES TO DEFENDANT(S) MS. SWATZ AND MS. CONN,
THAT HIS PAIN RATED A NUMBER "8" FROM "1-TO-10", AND THAT HE TOOK
"VICATIN" ON THE STREETS FOR PAIN OF HIS SPINE. BECAUSE HE WAS DIAGNOSED
WITH SEVERE NERVE DAMAGE AND ARTHRITIS AROUND HIS 7TH AND 8TH VERTABRATE.

DEFENDANT "MS SWARTZ" IMMEDIATELY YELLED AT PLAINTIFF; WELL, I AM
NOT GIVING YOU ANY DRUGS - YOU SON-OF-A-BITCH, SO YOU CAN GET YOUR
ASS OUT OF MY OFFICE. DEFENDANT "MS. CONN" STATED; GET HIS BLACK-ASS
OUT OF THIS OFFICE. BOTH DEFENDANT(S) "MS. SWARTZ AND MS. CONN" IGNORED
A ESCALATING SITUATION, AND AN SUBSTANTIAL RISK OF SERIOUS HARM.

BOTH DEFENDANT(S) "MS. SWARTZ AND MS. CONN" DENIED PLAINTIFF MEDICAL
TREATMENT, AND INTENTIONALLY DEPRIVED HIM TREATMENT FOR HIS SERIOUS PHYSICAL
INJURIES. PLAINTIFF WAS RETURNED BACK TO HIS CELL (8-E-101) IN A SUBSTANTIAL
RISK OF ESCALATING HARM, WITHOUT BEING GIVEN ANY FORM OF TREATMENT-OR-
EXAMINED WITH ANY FORM OF AN EVALUATION FOR HIS SERIOUS PHYSICAL INJURIES
OF SPINAL BACK PAIN, NOSE BLEEDING AND SHORTNESS OF BREATH WITH A EXTREME
SORE THROAT. PLAINTIFF CONTINUED TO SUFFER WITH ESCALATING INJURIES, EVEN
WHEN HE TRIED AND TOLD DEFENDANT(S) MS. SWARTZ AND "MS. CONN" ABOUT HIS
INJURIES FACE-TO-FACE, AND FOLLOWED PROPER PROTOCOL TO LET BOTH DEFENDANT(S)
BE FULLY AWARE OF HIS INJURIES. PLAINTIFF BECAME VERY SICK WITH EXTREME PAIN.

PLAINTIFF WAS PREVENTED SLEEP-OR-PROPER MOVEMENT, BECAUSE HE WAS
DEPRIVED OF MEDICAL TREATMENT FOR HIS SERIOUS INJURIES THAT EXACERATED BY DELAY.

WHAT MADE MATTERS WORSE, IS PLAINTIFF FORCED TO SLEEP IN A CELL WITH
INADEQUATE VENTILATION, AND PREVENTED SLEEP, THINKING AND CONCENTRATION OF
BEING HOUSED ON A WALK WITH MENTALLY-ILL INMATES, THAT CAUSE DEPLORABLE
UNSANITARY CONDITIONS, BANG DOOR DAY AND NIGHT, SCREAM AND TALKING TO THEMSELVES.

Plaintiff filled out numerous medical request forms to be seen by medical, about his spinal back pain and nose bleeding of coughing up blood, with a shortness of breath. Plaintiff had to start the process of medical request over again, because he was denied medical treatment by defendant(s) "Ms. Swartz and Ms. Conn" and acted with deliberate indifference to his health and safety.

Plaintiff was seen this time by "LPN. Ms. Brady" and evaluated and referred to be seen by the next nurse practioner defendant Ms Sydnee Serr, that meant plaintiff would be seen on May 27, 2014 ... In which, it would take three more weeks to be seen by the medical staff at Jefferson City Correctional Center and plaintiff injuries exacerated daily by delay.

Plaintiff remained in serious pain for a total of (2) two months, before being seen by medical staff at "JCCC", and was denied the basic life necessities and deprived the evolving standard of decency, and plaintiff health was placed at risk due to inadequate ventilation.

Whether one characterize the treatment recieved by the plaintiff as inhumane conditions of confinement, failure to attend his serious medical needs, or, a combination of the both, it is appropriate to apply the intentional actions of deliberate indifference standard articulated by the "Eighth Amendment" of cruel and unusual punishment to defendant(s) inaction. A court can-not dismiss any challenged condition in plaintiff complaint, as long as, all other conditions remain in dispute against the defendant(s) named, because each condition remains in dispute, and must be considered as part of the overall main conditions plaintiff is challenging. The irrepairable harm committed to plaintiff escalating serious medical needs is beyond repair. Especially, when plaintiff conditions of confinement continues to establish an Eighth Amendment

VIOLATION, WITHIN A COMBINATION OF ISSUES. WHEN EACH INDIVIDUAL ISSUE IS PROMOTED TOGATHER- AND CAN-NOT SEPERATED BY THEMSELVES, BUT HAVE A MUTALLY EFFORCING EFFECT THAT PRODUCES THE CRUEL UNUSUAL DEPRIVATION MENTIONED IN PLAINTIFF COMPLAINT AGAINST DEFENDANT(S) IN TOTALITY, ESPECIALLY BEING SUBJECTED TO EXCESSIVE NOISE 24 HOURS A DAY.

THE DEFENDANT(S) DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IS ALSO SHOWN BY DEFENDANT(S), WHEN THEY PREVENTED PLAINTIFF FROM RECIEVING RECOMMENDED MEDICAL TREATMENT, AND THEY INTENTIONALLY DENIED PLAINTIFF ACCESS TO MEDICAL PERSONAL QUALIFIED AND CAPABLE OF EVALUATING THE NEED FOR TREATMENT UNDER THE UNITED STATES CONSTITUTION.

THE DEFENDANT(S) MS. SWARTZ AND MS. CONN FAILED TO PROVIDE THE LEVEL OF MEDICAL TREATMENT, THAT THEY SHOULD HAVE BEEN TRAINED TO PROPERLY ADMINISTER THROUGH TRAINING BECAUSE PLAINTIFF INJURIES EXACERATED BY DELAY.

THESE DEFENDANT(S) " THE CITY OF JEFFERSON CITY, MISSOURI AND THE MISSOURI DEPARTMENT OF CORRECTIONS" HAVE A BINDING CONTRACT UNDER THE STATUTORY LAW OF 217.025 AND 217.043 ", AND FAILED TO PROPERLY TRAIN THEIR OFFICIALS OF THE MEDICAL NEEDS REQUIRED, BECAUSE THEY KNEW THE HOUSING WAS STRUCTURALLY INADEQUATE BUILT, WITHOUT ADEQUATE VENTILATION. AND FOR DEFENDANT(S) NOT TO HAVE A MEDICAL STAFF, POLICY OR-DIRECTIVE TO TREAT INMATES SERIOUS MEDICAL INJURIES, IS A CUPABLE STATE OF MIND AND CLEARLY TURNED A BLIND-EYE TO A KNOWN DANGER.

THE KNOWLEDGE OF THE NEED FOR MEDICAL CARE AND INTENTIONAL REFUSAL TO PROVIDE CARE, HAS CONSISTENTLY BEEN HELD ABOVE THE LACK OF CARE, AND SHOWS THE STANDARD OF DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS. EACH DEFENDANT NAMED ABOVE KNEW PLAINTIFF WOULD FACE A SUBSTANTIAL RISK OF SERIOUS HARM, BECAUSE PLAINTIFF TOLD THEM EITHER FACE TO FACE - OR- FILED

ADMINSTRATIVE REMEDIES AND WROTE LETTERS TO PUT THEM ON NOTICE ABOUT HIS SERIOUS SPINAL BACK PAIN, NOSE BLEEDING AND SHORTNESS OF BREATH WITH A SORE THROAT, BUT EACH DEFENDANT PURPOSELY FAILED TO EVALUATE-OR-RECOMMEND A POLICY-OR-DIRECTIVE TO MEDICALLY TREAT PLAINTIFF BEING IN A CELL WITH INADEQUATE VENTILATION AND RISK HIS HEALTH AND SAFETY.

THE INTENTIONAL DELAY IN PROVIDING PLAINTIFF MEDICAL TREATMENT, HAS MADE PLAINTIFF INJURIES ESCALATE AND SHOWS DELIBERATE INDIFFERENCE, WHEN A REASONABLE PERSON WOULD KNOW THAT THE INMATE REQUIRES MEDICAL ATTENTION-OR-ACTIVITES AND ACTIONS OF THE DEFENDANT(S) OFFICIALS ARE SO DANGEROUS, THAT A KNOWLEDGE OF THE RISK MAY BE PRESUMED. PLAINTIFF WAS LEFT TO SUFFER SERIOUS PAIN FOR (2) MONTHS TO HIS BACK, AND PREVENTED FROM SLEEPING, EATING AND PARTICIPATING IN DAILY ROUTINES OF ACTIVITES

PLAINTIFF CONTINUED TO SUFFER IN SERIOUS PAIN, AND WAS SEEN BY NURSE "LPN. BRADY" AND WAS REFERRED TO SEE NURSING STAFF ON MAY 27, 2014.

PLAINTIFF WAS IN SERIOUS PAIN FOR (3) THREE WEEKS AGAIN, AND WAS FORCED TO DEAL WITH THE HORRIBLE CONDITIONS OF CONFINEMENT OF SMELLING FECES AND URINE, DUST, CHEMICAL MACE, BUGS COMING THROUGH THE VENT INSIDE HIS CELL. PLAINTIFF WAS PREVENTED RECREATION OF GOING OUTSIDE -OR-TO THE SHOWER, BECAUSE HE WAS THREATEN AND AFFRAID THE MENTALLY-ILL PROMISE TO THROW FECES AND URINE ON HIM FOR FILING GRIEVANCES TO STAFF ABOUT THE UNSANITARY CONDITIONS. PLAINTIFF HAS ONLY BEEN RECREATION ONCE (1-TIME) IN TWO MONTHS, AND STILL HAVENT BEEN OUTSIDE BUT (1) ONE TIME IN (5) FIVE MONTHS TO THE DATE OF THIS FILING OF COMPLAINT.

PLAINTIFF WROTE LETTERS TO DEFENDANT(S) GEORGE LOMBARDI, DAVE DORMIRE, JAY CASSADY AND ALAN EARLS, ABOUT THE CONDITIONS OF HIS CONFINEMENT, BEING CRUEL AND UNUSUAL ON A ADMINSTRATIVE SEGREGATION WALK, WITH THE

MENTALLY-ILL AND BEING DENIED MEDICAL TREATMENT, WITHOUT RECIEVING THE BASIC LIFE NECESSITIES. ON MAY 27, 2014, PLAINTIFF WAS ONCE AGAIN SEEN FOR HIS SERIOUS MEDICAL INJURIES, BY DEFENDANT "MS. SYDNEE SERR" WHOM EVALUATED PLAINTIFF AND ACKNOWLEDGED HE HAD A KNOT IN HIS NECK AND EXTREMELY SWOLLEN. DEFENDANT MS. SERR SAID; OH, MY GOD, YOUR BACK AND NECK IS SWOLLEN EXTENSIVELY, SO I AM GOING TO ORDER MUSCLE RUB, IDOMETHACIN PILLS, STERIOD PILLS AND RECOMMEND A X-RAY BE DONE IMMEDIATELY. DEFENDANT "MS. SERR" DENIED SEEING PLAINTIFF FOR HIS NOSE BLEEDING AND SHORTNESS BREATH, CAUSED BY THE VENT IN HIS CELL.

ON JUNE 18, 2014, DECLARED A MEDICAL EMERGENCY, AND WAS SEEN BY DEFENDANT "MS. SERR" FOR NOSE BLEEDING AND SHORTNESS OF BREATH, THAT KEPT PLAINTIFF BED RIDDEN. DEFENDANT "MS. SERR" ORDERED CETRIZINE TABLETS FOR SINUS PROBLEMS, BUT STATED; THERES NOTHING I CAN DO ABOUT YOUR NOSE BLEEDING PROBLEMS, BECAUSE IT IS NOT CONSIDERED A MEDICAL EMERGENCY FOR THE PROBLEMS CAUSED BY THE VENT IN YOUR CELL.

PLAINTIFF WAS GIVEN A X-RAY OF HIS SPINAL BACK PAIN, AND DEFENDANT(S) REFUSE TO GIVE PLAINTIFF A DIAGNOSIS OF WHAT WAS REALLY THE PROBLEM CAUSING HIM SO MUCH PAIN. DEFENDANT WAS TOLD BY "MS. JESSICA TIMBERLAKE", THAT I CAN-NOT DISCUSS WHAT THE DEFENDANT "MS. SERR" PLACED INTO THE COMPUTER MEDICAL FILE WITH YOU, BECAUSE ITS SECRETIVE INFORMATION.

PLAINTIFF REMAINED IN SERIOUS PAIN AND A SUBSTANIAL RISK OF SERIOUS HARM, AND DEFENDANT(S) MS. SWATZ, MS. SERR, MS. CONN AND MS. TIMBERLAKE KNEW THAT IT WAS UNLAWFUL TO DELAY MEDICAL TREATMENT FOR A OBVIOUS RISK OF SERIOUS HARM. PLAINTIFF WAS DEPRIVED MEDICAL TREATMENT. AND THE RIGHT TO KNOW THE PROBLEM THAT CAUSED HIS SERIOUS PHYSICAL INJURIES OF BACK SPINAL PAIN, NOSE BLEEDING AND SHORTNESS OF BREATH WITH A SORE THROAT.

THE DEFENDANT(S) MS. PAMELA SWARTZ, MS. CAROL CONN AND MS. SYDNEE SERR KNEW THAT PLAINTIFF "MR. JAMES SPANN" REQUIRED MEDICAL ATTENTION BUT DID NOT PROVIDE IT, AND THAT UNLAWFULNESS OF FAILING TO RESPOND TO SUCH NEED WOULD HAVE BEEN APPARENT TO A REASONABLE OFFICIAL, BUT EACH DEFENDANT CLOSED THEIR EYES AND MIND TO THE OBVIOUS. PLAINTIFF HEALTH HAS SUBSTANTIALLY DETERIORATE SIGNIFICANTLY, BECAUSE THE DEFENDANT(S) AS NURSES DEPRIVED PLAINTIFF OF MEDICAL TREATMENT AND DELIBERATE INDIFFERENTLY ALLOWED HIS MEDICAL SERIOUS INJURIES TO EXACERATE BY THEIR DELAY OF TREATING HIS SUBSTANTIAL RISK OF SERIOUS HARM.

THE DEFENDANT(S) "THE CITY OF JEFFERSON CITY, MISSOURI, MISSOURI DEPARTMENT OF CORRECTIONS, MR. GEORGE A. LOMBARDI, MR. DAVE DORMIRE, MR. ALAN EARLS, MR. JAY CASSIDY, MS. GRACIE HUMPHRYS, AND MR. BRIAN SCHMUTZ KNEW THAT PLACING INMATES AND PLAINTIFF IN A INADEQUATE HOUSE, THAT IS STRUCTURALLY UNFINISHED WITH INADEQUATE VENTILATION. THEN DEPRIVED PLAINTIFF AND OTHER PRISONERS MEDICAL TREATMENT CAUSED BY THE INADEQUATE VENTILATION SYSTEM, AND RECKLESSLY DISREGARDING THOSE INJURIES AND OTHER OBVIOUS RISK OF HEALTH AND SAFETY.

ESPECIALLY, PLAINTIFF ON A (5) FIVE MAN SINGLE CELL WALK, WITH (3) THREE MENTALLY-ILL CHALLENGED INMATES, THAT CAUSE UNSANITARY CONDITIONS AND KEEP PLAINTIFF FROM SLEEP (7) SEVEN DAYS, CONCENTRATING, AND THINKING THAT HIS LEGAL ACTIVITIES WAS SEVERELY CURTAILED CAUSE BY THE CIRCUMSTANCES OF THE MENTALLY-ILL KICKING DOORS DAY AND NIGHT, SCREAMING, THROWING FECES AND URINE, MEDICAL INJURIES, DENIED SHOWERS AND RECREATION, BECAUSE PLAINTIFF WAS BEING THREATEN. THEN DEFENDANT(S) THREATEN TO RETALIATE-OR-STATING THEY WOULD KEEP PLAINTIFF ON THE WALK WITH THE MENTALLY-ILL, BECAUSE HE REPEATEDLY FILED GRIEVANCES ABOUT HIS CONDITIONS OF CONFINEMENT.

THE PLAINTIFF "MR. JAMES SPANN" HAS PLACED ALL NAMED DEFENDANT(S) ON NOTICE OF HIS COMPLAINTS, BY FILING ADMINISTRATIVE GRIEVANCES AND OTHER DEFENDANT(S) HE SPOKE FACE TO FACE WITH BY VIRTUE OF THEIR OFFICIAL POSITIONS, BECAUSE IT WAS WITH EACH DEFENDANT(S) INDIVIDUAL AND OFFICIAL POSITION THE CRUEL AND UNUSUAL ACTS OF DELIBERATE INDIFFERENCE OCCURED.

PLAINTIFF CONTINUES TO SUFFER DAILY WITH SPINAL BACK PAIN, NOSE BLEEDING AND SHORTNESS OF BREATHING, WHILE DEFENDANT(S) REFUSE TO REVIEW HIM FOR A PSYCHIATRIC EVALUATION -OR- GIVE HIM TREATMENT FOR HEARING VOICES AND SUICIDAL THOUGHTS AND DEFENDANT(S) KNEW OF AND DISREGARDED A SERIOUS RISK OF HIS HEALTH.

ON JULY 11, 2014, PLAINTIFF WAS FORCED TO LAY IN THE FLOOR FOR OVER (4) FOUR-HOURS, BECAUSE HE BLACKED-OUT WITH A ADVERSE REACTION TO HIS MEDICATION "IDOMETHECIN". DEFENDANT "MS. JESSICA TIMBERLAKE" REFUSE TO EVALUATE PLAINTIFF -OR- TOUCH PLAINTIFF FOR MEDICAL ASSESSMENT. IN WHICH DEFENDANT "MS. TIMBERLAKE STATED; UNTIL YOU DECIDE TO DROP YOUR GRIEVANCE AGAINST THE MEDICAL STAFF AND STOP FILING GRIEVANCES, THEN YOU GET TREATMENT FROM ME. SO YOU CAN FILE GRIEVANCES AGAINST ME MR. SPANN, BECAUSE I LEAVE NEXT MONTH FOR A NEW JOB AND DON'T GIVE A FUCK ABOUT THE GRIEVANCE SYSTEM. PLAINTIFF WAS SENT BACK TO HIS CELL, WITH A KNOT ON HIS HEAD, WITHOUT MEDICAL TREATMENT FOR HIS HEAD AND ADVERSE REACTION.

DEFENDANT "MR. SCHMUTZ" CAME TO PLAINTIFF CELL JULY 11, 2014; AND SAID, "DON'T YOU SEE "MR. SPANN "THERE IS ABSOLUTELY NO CAMERA INSIDE THE NURSES MEDICAL ROOM YOU WAS JUST LEFT OUT OF." I'M MAKING YOU A PROMISE IF YOU EVER DECLARE MEDICAL EMERGENCY AGAIN; AND YOU DROP THAT GRIEVANCE YOU GOT WITH "MR LOMBARDI, MR. DORMIRE, ALAN EARLS AND MR CASSADY - THEN YOU WILL COME UP MISSING IN THAT MEDICAL ROOM IN 8-HOUSE. THIS IS A PROMISE TO YOU FROM ALL OF US -OR- YOU KNOW WHAT'S GOING TO HAPPEN, BECAUSE I AM ABOUT

TO MAKE "FUNCTIONAL UNIT MANAGER" IN ABOUT THE SAME TIME YOU GO UP FOR RELEASE REVIEW. AND "MR. SPANN" I'M SURE I GOT THE POWER TO KEEP YOU INSIDE ADMINSTRATIVE SEGREGATION, IF YOU DO NOT DROP THIS GRIEVANCE ABOUT BEING ON THE WALK WITH THE MENTALLY-ILL AND THE VENTILATION SYSTEM.

PLAINTIFF REMAINED IN A SUBSTANTIAL RISK OF SERIOUS HARM, THEN START HEARING VOICES BEING HOUSED ON THE WALK WITH THE MENTALLY-ILL. PLAINTIFF WROTE KITES AND LETTERS TO THE MEDICAL PSYCHIATRIS DEFENDANT "MS. WHITE" ABOUT HEARING VOICES, BECAUSE HIS MIND WAS DETERIATING AND STAFF WAS RETALIATING AGAINST HIM FOR FILING GRIEVANCES OF BEING HOUSED WITH THE MENTALLY-ILL.

THE DEFENDANT(S) THE CITY OF JEFFERSON CITY, MISSOURI, MISSOURI DEPARTMENT OF CORRECTIONS, GEORGE A. LOMBARDI, DAVE DORMIRE, ALAN EARLS AND JAY CASSADY, ARE LIABLY HELD UNDER "STATUTORY LAW V.A.MS 217 "MISSOURI DEPARTMENT OF CORRECTIONS" AND POLICY D-5-3) DECREE IS TO INSURE THE PROVISION OF HEALTH CARE SERVICES IN THE MISSOURI PRISON SYSTEM IN A OPTIMUM AND EFFICIENT MANNER. AND THAT DECREE IMPOSES NUMEROUS RESPONSIBILITES AND DUTIES OF THOSE NAMED DEFENDANT(S), IN ADDITION TO THOSE STATUTORILY AND CONSTITUTIONALLY IMPOSED, MANY OF WHICH PLAINTIFF ARGUES HAVE NOT BEEN MET.

EVEN THOUGH, DEFENDANT(S) HAVE CONTRACTED WITH HORIZON MEDICAL SERVICES TO FURNISH MEDICAL SERVICES, THIS DOES NOT PROVIDE IMMUNITY AGAINST PLAINTIFF CLAIM WHERE PRISON POLICIES ARE ALLEGED TO CONTRIBUTE TO THE DENIAL OF PROPER MEDICAL CARE. THE DENIAL OF MEDICAL CARE, IF BASED ON AN ALLEGED WRONGFUL DIAGNOSTIC JUDGMENT OF A PHYSIAN, THE WARDEN-OR-PRISON DIRECTOR, LACKING PROFESSIONAL MEDICAL EXPERTISE, WOULD NOT BE LIABLE ON AGENCY PRINCIPLES FOR ANY CONSTITUTIONAL WRONG.

ALTHOUGH, THE DOCTRINE OF RESPONDEAT SUPERIOR DOES NOT APPLY TO §1983 CASES, A CLAIMANT MAY MAINTAIN A THEORY OF DIRECT LIABILITY AGAINST A PRISON-OR-OTHER OFFICIALS IF THAT OFFICIAL FAILS TO PROPERLY TRAIN, SUPERVISE, DIRECT-OR-CONTROL THE ACTIONS OF A SUBORDINATE WHO CAUSES INJURY. WHERE A PRISONER NEEDS MEDICAL

TREATMENT PRISON OFFICIALS ARE UNDER CONSTITUTIONAL DUTY TO SEE THAT IT IS FURNISHED. THE DUTY OF THESE NAMED DEFENDANT(S) IN THIS CASE, WENT TOTALLY UNFULFILLED, BECAUSE OF THE MERE CONTRACTING OF SERVICES WITH AN INDEPENDENT CONTRACTOR DOES NOT IMMUNIZE THE "STATE" DIRECTORS AND NURSES FROM LIABILITY FOR DAMAGES IN FAILING TO PROVIDE PLAINTIFF WITH THE OPPORTUNITY FOR TREATMENT. SURELY, CONTRACTING OUT OF PRISON MEDICAL CARE DOES NOT RELIEVE THE (STATE DEFENDANT(S) THE CITY OF JEFFERSON CITY, MISSOURI AND THE MISSOURI DEPARTMENT OF CORRECTIONS OF ITS CONSTITUTIONAL DUTY TO PROVIDE ADEQUATE MEDICAL TREATMENT TO PLAINTIFF IN THEIR CARE AND CUSTODY, AND IT DOES NOT DEPRIVE THE STATE PLAINTIFF OF THE MEANS TO VINDICATE HIS EIGHTH, FIRST AND FOURTEENTH AMENDMENT RIGHTS.

DEFENDANT(S) HAVE FAILED TO PROPERLY TRAIN THEIR SUBORDINATES TO MAKE SURE, THAT PLAINTIFF RECIEVE MEDICAL TREATMENT, BASIC LIFE NECESSITIES, AND NOT SEPERATE HIM FROM BEING HOUSED WITH THE MENTALLY-ILL IN ADMINSTRATIVE SEGREGATION THAT WOULD SHOCK THE CONSCIOUS AND MAKE PLAINTIFF LEGAL ACTIVITIES SEVERALLY CURTAILED BY THEIR RETALIATION AGAINST HIM. THE DEFENDANT(S) KNOWLEDGE AND THE POLICIES AND RULES IS PRESUMED, AND THE STATUES AND POLICIES APPLY TO DEFENDANT(S) DECISIONS AND ACTIONS IN PLAINTIFF COMPLAINT. INWHICH, A REASONABLE COMPETENT PUBLIC OFFICIAL SHOULD KNOW THE LAW GOVERNING HIS CONDUCT, AND ANY COMPETING INTERESTS MUST BE BALANCED, BECAUSE EACH DEFENDANT ACTED WITH MALICE AND BEYOND THE SCOPE OF THEIR DUTIES AND KNEW OF AND DISREGARDED A SERIOUS RISK TO PLAINTIFF HEALTH AND SAFETY.

THERE IS ABSOLUTELY NO EVIDENCE, THAT EITHER DEFENDANT UTILIZED ANY OF THE REGULATIONS, STATUES -OR - POLICIES OF INFORMATION TO BALANCE SECURITY CONCERNS, HEALTH AND SAFETY -OR- THE HOPES OF CONTEMPARY STANDARDS OF DECENCY, WITH WISHES TO GIVE PLAINTIFF BASIC LIFE NECESSITIES OF MEDICAL TREATMENT, ADEQUATE VENTILATION, NON- RETALIATORY ACTIONS FOR FILING ADMINSTRATIVE GRIEVANCES, RECREATION, SLEEP FROM EXCESSIVE NOISE (7) SEVEN DAY PERIODS, SHOWERS, AND NOT BEING HOUSED WITH

THE MENTALLY-ILL THAT CAUSE UNSANITARY CONDITIONS AND DEPRIVED PLAINTIFF OF PSYCHOLOGICAL TREATMENT AFTER PLAINTIFF PUT DEFENDANT(S) ON NOTICE HE WAS HEARING VOICES AND HAVING THOUGHTS OF SUICIDE BEING HOUSED AROUND THE MENTALLY-ILL. DEFENDANT(S) HAVE FAILED TO TREAT PLAINTIFF SUBSTANTIAL SERIOUS INJURIES, THAT PLAINTIFF CONTINUES TO SUFFER IN SERIOUS PAIN WITH SPINAL BACK PAIN, NOSE BLEEDING AND SHORTNESS OF BREATH.

ON JULY 17, 2014, PLAINTIFF WAS SEEN BY "LPN. MS. GILL", IN WHICH SHE SCHEDULED PLAINTIFF TO SEE THE PRISON DOCTOR ON JULY 29, 2014 FOR HIS SERIOUS INJURIES.

PLAINTIFF REMAINED IN A SUBSTANTIAL RISK OF SERIOUS HARM OF PHYSICAL INJURIES, BECAUSE THE "INDOMETHICIN" MEDICATION HAD DESTROYED PLAINTIFF APPETITE AND HE HAD A ADVERSE REACTION OF COLD SWEATS, THROWING-UP FOOD, AND DIZZINES OF BLACK-OUTS. THE MENTALLY-ILL KEPT PLAINTIFF UP FOR 7-DAYS STRAIGHT KICKING DOORS AND SCREAMING, IN WHICH PLAINTIFF COULDN'T SLEEP, CONCENTRATE -OR- THINK TO PERFORM DAILY ROUTINES AND PARTICIPATE IN FILING LEGAL MATERIAL.

PLAINTIFF FILLED-OUT NUMEROUS MEDICAL REQUESTS AND DECLARED MEDICAL EMERGENCY (5) FIVE TIMES TO SPEAK WITH A PSYCHIATRIST SUPERVISOR DEFENDANT "JENNIFER WHITE" WITHIN THE MONTH OF JULY, BECAUSE PLAINTIFF BECAME SUICIDAL AND WAS HEARING VOICES; AND TOLD DEFENDANT "MR. BRIAN SCHMUTZ" HE WAS HEARING VOICES AFTER BEING PLACED ON THE WALK WITH MENTALLY-ILL HIGH LEVEL (4) AND (5) INMATES.

DEFENDANT "MR. BRIAN SCHMUTZ, ASK PLAINTIFF IF HE WAS READY TO DROP HIS GRIEVANCES AGAINST STAFF; THEN HE WOULD CALL FOR THE PSYCHIATRIST. PLAINTIFF REFUSE TO DROP HIS GRIEVANCE -OR- SPEAK WITH "MR. SCHMUTZ", SO PLAINTIFF REMAINED IN SUBSTANTIAL SERIOUS RISK OF HARM FOR HIS PHYSICAL INJURIES OF SPINAL BACK PAIN, NOSE BLEEDING AND PSYCHOLOGICAL DANGER. PLAINTIFF CONTINUED TO BE AFFRAID FOR HIS LIFE IN IMMINENT DANGER, AND HAD TO DEAL WITH HEARING VOICES WITH THOUGHTS OF SUICIDE, WHILE THE MENTALLY-ILL SCREAM, BANGED NIGHT

AND DAY, AND HAS ATTEMPTED TO THROW FECES ON HIM. PLAINTIFF
MIND IS DETERIORATING MENTALLY, AND REPEATEDLY REQUESTING EMERGENCIES
TO SEE THE PRISON PSYCHOLOGIST. PLAINTIFF HAS FILLED-OUT OVER (8) EIGHT
MEDICAL REQUEST FORMS TO SEE THE "PSYCHIATRIST" FOR HEARING VOICES,
BUT PSYCHIATRIST HAS REFUSE TO SEE-OR-EITHER SPEAK WITH HIM, BECAUSE
PLAINTIFF HAS FILED GRIEVANCES AGAINST STAFF OFFICIALS ABOUT BEING
HOUSED IN (AD.SEG) ADMINISTRATIVE SEGREGATION WITH MENTALLY-ILL
INMATES BEING ON THE WALK WITH HIM. DEFENDANT(S) REFUSE TO HELP HIM.

On July 29, 2014, PLAINTIFF WAS SEEN BY A PRISON DOCTOR
FROM THE OUTSIDE, AND "DR. NARENDRA KHENGAR" AND LPN. JENNIFER"
TOOK A EXAMINE OF PLAINTIFF SERIOUS SPINAL BACK PAIN. AND THE
"DR. KHENGAR" SAID; OH, MY GOD" THIS GUY HAS GOT "SCOLIOSIS OF
THE SPINE, THAT MAKES HIS SPINE TURN AND BEND SIGNIFICANTLY AT
HIS NECK AREA. THE "DR. KHENGAR" IMMEDIATELY BEGAN CRITICIZING
THE DEFENDANT(S) "Ms. SWARTZ AND Ms. SERR" FOR NOT DIAGNOSING
PLAINTIFF SERIOUS SPINAL INJURIES. AND STATED; PLAINTIFF NEEDED
SERIOUS PAIN MEDICATION OF AVR-TRIPLINE 25MG, BECAUSE SURGERY
MIGHT HAVE TO BE PERFORMED TO RELIEVE PLAINTIFF OF HAVING CONTINUAL
PAIN IN HIS NECK AND SPINAL CORD IN THE BACK AREA.

DR. KHENGAR ORDERED THAT THE MEDICATION AVR-TRIPLINE BE SENT
TO PLAINTIFF IMMEDIATELY IN THE NEXT DAY, AND THAT PLAINTIFF BE
REVIEWED IN A FEW MONTHS TO RAISE THE DOSAGE ONCE PLAINTIFF GOT
USE TO USING THE MEDICATION. PLAINTIFF TOLD "DR. KHENGAR" THAT
HE HASN'T BEEN ABLE TO SLEEP-OR- DO ANY DAILY ACTIVIES, BECAUSE THE
PAIN IN HIS SPINE BACK AREA PREVENTED HIM FROM MOVING HIS LEGS UP AND
DOWN -OR- SLEEPING ON HIS RIGHT SIDE AREA. DR. KHENGAR TOLD PLAINTIFF

HOPEFULLY THE MEDICATION WILL TAKE SOME OF THE PAIN AWAY.

THE NAMED DEFENDANT(S) FAILED TO PROVIDE HUMANE HEALTHY BREATHING CONDITIONS ARISING OUT OF THE INADEQUATE VENTILATIONS, PLACED PLAINTIFF ON A WALK IN (AD.SEG)CONFINEMENT WITH MENTALLY-ILL INMATES AND DELIBERATELY INDIFFERENTLY DEPRIVED PLAINTIFF OF MEDICAL TREATMENT FOR HIS SERIOUS PHYSICAL INJURIES OF "SCOLIOSIS SPINAL BACK PAIN, NOSE BLEEDING AND SHORTNESS OF BREATH WITH HEAD INJURIES. THAT EACH INJURY CAUSED PLAINTIFF GRAVE SLEEPING PROBLEMS AND SERIOUS PHYSICAL AND PSYCHOLOGICAL PAIN IN A SUBSTANTIAL RISK OF SERIOUS HARM.

PLAINTIFF CAN PROVE SUFFICIENT EVIDENCE TO SUPPORT A FINDING, THAT HE WAS SUBSTANTIALLY HARMED BY EACH DEFENDANT(S) REFUSAL TO TREAT HIS SERIOUS PHYSICAL AND PYSCHOLOGICAL INJURIES, WHILE BEING HOUSED IN ADMINSTRATIVE SEGREGATION HOUSED WITH MENTALLY-ILL INMATES THAT THE DEFENDANT(S) FAILED TO SEPERATE FROM ~~NON-MENTAL~~ NON-MENTALLY STABLE INMATES. DEPENDANT(S) ALSO, KNEW THE CONSTRUCTIONAL BUILDING OF 8-HOUSE AT JEFFERSON CITY CORR CENTER "WAS TOTALLY INADEQUATE FOR LIVING CONDITIONS, BECAUSE OF THE INADEQUATE VENTILATION SYSTEM AND FOR THE PURPOSE OF PLACING PRISONERS INTO CELLS WITHOUT PROPER VENTILATION. ON AUGUST 1, 2014, DEFENDANT "TIMBERLAKE" REFUSED AGAIN PLAINTIFF MEDICAL EMERGENCY AFTER (5) HOURS. DEFENDANT(S) "THE CITY OF JEFFERSON, MISSOURI" AND "MISSOURI DEPARTMENT OF CORRECTIONS" TRIED TO MASK THE SYMPTOMS OF JEFFERSON CITY CORR CENTER BUILDING CONSTRUCTION OF INADEQUATE VENTILATION, BY FABRICATING A FLIMSEY, NON-PRODUCTIVE BAND-AID PROCEEDURE, WITHOUT CARING FOR THE HEALTH AND SAFETY OF ITS RESIDENCE HOUSED IN A DEPLORABLE UNCONSTITUTIONAL CONDITIONS OF NOT HAVING A POLICY TO MAINTEANCE THE DELAY OF MEDICARE AND CONTEMPORARY STANDARDS OF DECENCY OF CONFINMENT.

PLAINTIFF CONSTANTLY FILLED-OUT MEDICAL REQUEST ABOUT HEARING VOICES, AND REPEATEDLY REQUESTED TO SPEAK WITH "JENNIFER WHITE" THE HEAD ADMINISTRATIVE PSYCHIATRIST AT THE INSTITUTION. ON JULY 30, 2014, DEFENDANT JENNIFER WHITE CAME TO THE CELL, AND ASK PLAINTIFF WHY HE CONTINUE TO FILL-OUT MEDICAL REQUEST FORMS CLAIMING TO HEAR VOICES AND NEED EMERGENCY ASSISTANCE OF BEING DENIED PSYCHOLOGICAL TREATMENT AND HELP.

PLAINTIFF STATED TO DEFENDANT "WHITE"; MS. WHITE THEY HAVE DROVE ME CRAZY ON THIS WALK, BECAUSE THE MENTALLY-ILL KEEPS ME UP FOR WEEKS AT A TIME SCREAMING, BANGING DOORS AND THROWING FECES AND URINE OUT THE CELLS. PLAINTIFF SAID, HE WAS HEARING VOICES, NIGHT AND DAY, TELLING HIM TO KILL HIMSELF, AND THE MENTALLY-ILL CONTINUES TO THREATEN HIM TO NOT COME OUT THE CELL FOR SHOWERS-OR- RECREATION. PLAINTIFF BEGGED AND PLEADED WITH "DEFENDANT "MS. WHITE" TO SEPERATE HIM FROM THE MENTALLY-ILL WHO'S PSYCHOTIC SCORE LEVEL IS (4) AND (5), BECAUSE HE WAS BEING PSYCHOLEGICALLY TORMENTED AND WAS SLOWLY LOSING HIS MIND BEING ON THE SAME WALK WITH THEM AND DEFENDANT(S) WAS INFRINGING ON HIS RIGHTS.

DEFENDANT "JENNIFER WHITE" STATED; MR. SPANN MAYBE IF YOU STOP FILING GRIEVANCES AGAINST STAFF, THEN SOMEBODY WOULD TAKE THE TIME TO HELP YOU GET AWAY FROM MENTALLY CHALLENGE PEOPLE ON THIS WALK. SO "MR. SPANN" I SPOKE WITH "MR. CASSADY" ABOUT YOUR SITUATION OF BEING MOVED, AND HE TOLD ME TO HAVE YOU SIGN OFF ON THIS GRIEVANCE TO DROP IT ABOUT BEING ON THE WALK WITH THE MENTALLY-ILL. THEN I CAN MOVE YOU, BECAUSE WE DO NOT PLAY THIS TYPE OF BEHAVIOUR AT JCCC...

32

PLAINTIFF TOLD DEFENDANT "WHITE"; THAT THIS WAS CALLED RETALIATION AGAINST HIM, AND HE WOULD WRITE THE COURTS ABOUT HER RETALIATING AGAINST HIM AND THEY ARE INFRINGING ON HIS FIRST AMENDMENT RIGHTS ACCESS TO THE COURTS.

DEFENDANT "MS. WHITE" STATED; MR. SPANN WHO WOULD BELIEVE SOMEONE THAT CLAIMS TO HEAR VOICES AND LOSING THEIR MIND ON THE WALK WITH THE MENTALLY DERANGED. IF YOU KEEP WRITING MEDICAL REQUEST FORMS AND DON'T SIGN OFF ON THIS GRIEVANCE TO HAVE IT DROPPED. THEN I WILL PERSONALLY WRITE THE DIRECTOR AND MR. CASSADY TO HAVE YOU PERMEANTLY PLACE ON LOCK DOWN, WITH THE REST OF THESE GUYS ON THIS WALK IN 8-HOUSE.

PLAINTIFF WALKED AWAY FROM THE DOOR, AND REFUSE TO DROP HIS ADMINSTRATIVE GRIEVANCE COMPLAINT ABOUT BEING HOUSED ON A WALK WITH THE MENTALLY-ILL AND LEGAL ACTIVITIES BEVERELLY CURTAILED CAUSE OF CIRCUMSTANCES

DEFENDANT MS. WHITE STATED; MR. SPANN THE DIRECTOR MR. LOMBARDI AND "SUPT. CASSADY" WILL SHOW YOU WHO RUNS THE COURTS, AND THIS PRISON BECAUSE YOU WILL NOT GET ANY PSYCHOLOGICAL TREATMENT AT JCCC... OH 'YEAH; MR. SPANN YOUR MEDICAL GRIEVANCE WILL COME UP MISSING WATCH.

ON AUGUST 4, 2014; DEFENDANT(S) RETALIATED AGAINST PLAINTIFF FOR FILING GRIEVANCES AGAINST OFFICIALS AND DEFENDANT(S) MENTIONED IN HIS COMPLAINT. EACH DEFENDANT THE CITY OF JEFFERSON CITY, MO, MISSOURI DEPARTMENT OF CORR, MR GEORGE LOMBARDI, MR. DAVE DORMIRE, MR. ALAN EARLS, MR. JAY CASSADY, MS HUMPHRYS, MR SCHMUTZ, AND MS. JENNIFER WHITE ANSWERED THE GRIEVANCE RESPONSE BY PLACING PLAINTIFF ON SINGLE-CELL MANDATED TO REMAIN ON THE ADMINISTRATIVE SEGREGATION WALK OF (8-E-101) WITH THE MENTALLY ILL INMATES, BECAUSE PLAINTIFF FILED GRIEVANCES REDRESS AGAINST STAFF

DELIBERATE INDIFFERENCE OF PLACING HIM ON THE WALK WITH RETALIATION TO PREVENT HIM FROM ACCESSING TO THE COURTS AND FILING ADMINISTRATIVE GRIEVANCES AND VIOLATED HIS FIRST AMENDMENT ACCESS TO THE COURTS.

DEFENDANT(S) RESPONDED TO PLAINTIFF GRIEVANCE ON AUGUST 4, 2014 BY TRYING TO COVER-UP THEIR RETALIATION. AND STATED; DEFENDANT(S) WAS USING 'SOP 21-1.2 (ADMINSTRATIVE SEGREGATION): MANDATE SINGLE-CELL CONFINEMENT, IN THE GRIEVANCE RESPONSE THAT STATES THE FOLLOWING;

1). THE ADMINSTRATIVE SEGREGATION COMMITTEE WILL EVALUATE OFFENDERS FOR SINGLE CELL CONFINEMENT AT THS TIME OF THE HEARING.

2). ALL OFFENDERS WHO ARE CONSIDERED AN IMMEDIATE/LONG TERM DANGER TO HARM A CELLMATE AS EXPLAINED IN THIS PROCEDURE SHOULD BE ASSIGNED TO A SINGLE CELL IN ADMINSTRATIVE SEGREGATION.

3). OFFENDERS WHO HAVE RECENTLY ASSULTED/HARMED A CELL MATE, OR OTHER OFFENDERS WHO STAFF BELIEVE ARE A CONTINUOUS THREAT TO OTHER OFFENDERS IF HOUSED IN A CELL WITH THEM, SHOULD BE SUBMITTED TO THE DUTY DIVISION DIRECTOR MR. ALAN EARLS, WHO IN CONSULTATION WITH THE DIVISION DIRECTOR MR GEORGE LOMBARDI -OR- DAVE DORMIER, WILL APPROVE/DISAPPROVE THESE ACTIONS.

OFFENDERS WHO HAVE BEEN APPROVED FOR A MANDATED SINGLE CELL ASSIGMENT WILL REQUIRE APPROVAL FROM THE DUTY DIVISION DIRECTOR PRIOR TO REMOVAL FROM THIS STATUS.

4). OFFENDERS ASSIGNED TO A MANDATED SINGLE CELL ASSIGNMENT WILL BE MANAGED IN ACCORDANCE WITH THIS PROCEDURE.

DEFENDANT(S) USED THIS POLICY TO RETALIATE AGAINST PLAINTIFF FOR FILING GRIEVANCES AND REDRESSING THE COURTS ON HIS 42 USC § 1983

COMPLAINT, IN WHICH DEFENDANT(S) HAVE SINGLE-MAN CELL MANDATED PLAINTIFF FOR FILING ADMINISTRATIVE GRIEVANCES AGAINST THE CRUEL CONDITIONS OF HIS CONFINEMENT. DEFENDANT(S) GEORGE LOMBARDI, DAVE DORMIRE, ALAN EARLS - NOR - JAY CASSADY NEVER HAD PLAINTIFF ON SINGLE-MAN CELL MANDATE FROM FEBRUARY 1, 2014 UNTIL THE MONTH OF AUGUST 4, 2014... DEFENDANT(S) RETALIATED ONCE PLAINTIFF STARTED CHALLENGING HIS CONDITIONS OF CONFINEMENT, BY THREATENING TO KILL PLAINTIFF AND LOCKING HIM DOWN ON SINGLE-MAN CELL MANDATE STATIS FOR FILING AGAINST THE INADEQUATE VENTILATION, DENIAL OF MEDICAL TREATMENT, PLACED ON A WALK WITH MENTALLY-ILL UNDER UNSANITARY CONDITIONS, DEPRIVED OF SLEEP FOR WEEKS AT A TIME WITHOUT BEING ABLE TO THINK - OR - CONCENTRATE, DENIED PSYCHOLOGICAL TREATMENT, DENIED RECREATION AND SHOWERS, RETALIATED AGAINST FOR FILING GRIEVANCES AND TOLD HE WOULD NOT RECIEVE MEDICAL TREATMENT - OR - PSYCHOLOGICAL TREATMMENT, UNLESS HE DROPPED GRIEVANCES AGAINST STAFF AT JCCC.

DEFENDANT(S) HAVE WENT SO FAR AS TO KEEP PLAINTIFF MEDICAL FILE LISTED, THAT HE TAKES Idomethacin IN THE COMPUTER. PLAINTIFF HAS REPEATEDLY FILED MEDICAL REQUEST FORMS AND TOLD THE MEDICAL STAFF, THAT HE HAS A ADVERSE REACTION OF THROWING UP, COLD SWEATS AND HAS BLACK-OUT TAKING Idomethacin MEDICATION. DEFENDANT(S) HAVE KEPT IT LISTED IN HIS FILE AND COMPUTER DATA, BECAUSE DEFENDANTS REFUSE TO HELP PLAINTIFF WITH HIS SERIOUS PAIN. PLAINTIFF STOP TAKING Idomethacin July 5, 2014, but DEFENDANT(S) HAVE IT INSIDE THE COMPUTER HE IS TAKING THE MEDICATION UP UNTIL AUG 26, 2014. (FALSIFIED DOCUMENT)

DEFENDANT JENNIFER WHITE THE PSYCHIATRIST DELIBERATELY CAME TO PLAINTIFF CELL (8-E-101) ON 8-15-2014 AND STOOD IN FRONT OF PLAINTIFF

CELL POINTING HER FINGER AT HIM. DEFENDANT JENNIFER White

STATED; HOPEFULLY YOU HAVE LEARNED YOUR LESSON ABOUT FILING

GRIEVANCES AT THIS INSTITUTION, BECAUSE NOW I CAN EVALUATE

YOU ANYWAY I WANT, TOO. AND KEEP YOU ON THIS WALK FOR

AS LONG AS I WANT -OR- SEE FIT TO REALLY MAKE YOU START

HEARING VOICES NOW. PLAINTIFF LEGAL ACTIVITES WAS SEVERELY BEING CURTAIL AROUND THE MENTALLY-ILL.

　　　DEFENDANT "JENNIFER WHITE" HAS DELIBERATELY RETALIATED AGAINST

PLAINTIFF, AND CONTINUES TO DENY PLAINTIFF PSYCHIATRIC HELP, FOR HIS

HEARING VOICES AND HAVING THOUGHTS OF SUICIDE AFTER BEING

PLACED ON THE WALK (8-E) WITH MENTALLY-ILL HIGH LEVEL (4) AND (5)

SCORE PSYCHOTIC INMATES, THAT CREATE UNSANITARY CONDITIONS

AND HAS DEPRIVED PLAINTIFF OF SLEEP, THINKING AND CONCENTRATING

WITH A PIECE OF MIND FOR (7) SEVEN DAYS STRAIGHT ON NUMEROUS

OCCASIONS AND DENIED PLEAS OF PSYCHOLICAL TREATMENT WAS IGNORED BY DEFENDANTS,

THAT EACH DEFENDANT NAME IN COMPLAINT ACTED DELIBERATE INDIFFERENTLY TO PLAINTIFF HEALTH AND SAFETY.

NOTE— NOTE: DEFENDANT "Ms. HUMPHRYS" HAS BEEN TRANSFERRED

TO (BCC) "BONNEVILLE CORRECTIONAL CENTER", SINCE THE

FILING OF THIS COMPLAINT. THE MARSHAL SERVICES AND COURTS

WILL HAVE TO SUPEONA DEFENDANT "MS. HUMPHRYS" IN WHICH HER

FULL NAME IS DEFENDANT. Ms. GRACIE HUMPHRY AT (BCC)

BONNEVILLE CORRECTIONAL CENTER. (SHE TRANSFERE IN AUGUST 2014)

DEFENDANT SYDEE SERR HAS TRANSFERRED TO (TIPTON CORR. CENTER) FULL TIME.

ALSO, DEFENDANT LPN. JESSICA TIMBERLAKE HAS TRANSFERED

TO ANOTHER JOB LOCATION, AND DEFENDANT Corizon Medical

SERVICES KNOWS HER "Ms. JESSICA TIMBERLAKE" NEW ADDRESS -OR-

HOME ADDRESS. (SHE LEFT FOR TRANSFERE IN AUGUST, 2014 ALSO)

EVERY PRISONER AND PLAINTIFF HOUSED AT JEFFERSON CITY CORRECTIONAL CENTER, IS CONSIDERED A LEGALIZED CITIZEN OF THE POPULATED COMMUNITY OF JEFFERSON CITY, MISSOURI. DEFENDANTS HAVE USED THIS STANDARD TO PASS LEGISLATIVE BILLS, SECRECTIVE ELECTIONS AND BUILDING CONSTRUCTIONS AND MAINTENANCE APPROVAL SECRETIVELY, BY CONGRESS AND THE LEGISLATIVE BRANCH ASSEMBLY TO GOVERN THE POPULATION STATIS, WITHIN ITS PRISONS, AND THE TOWN OF THE CITY OF JEFFERSON CITY, MISSOURI BY JCCC PRISON POPULATION.

BOTH DEFENDANT(S) " THE CITY OF JEFFERSON CITY, MISSOURI AND "MISSOURI DEPARTMENT OF CORRECTIONS" HAVE A DUTY ASSIGNED TO EACH SPECIFIC OFFICIAL-OR-EMPLOYEES NAMED AS DEFENDANT(S) IN THIS 42 U.S.C §1983 COMPLAINT, (BOTH OF DEFENDANT(S) NAMED) HAD THE NEED FOR MORE-OR-DIFFERENT TRAINING SO OBVIOUS, AND THE INADEQUACY SO LIKELY TO RESULT IN VIOLATIONS OF THE PLAINTIFF FIRST, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

THAT IT WAS OBVIOUS, THAT "THE CITY OF JEFFERSON CITY, MISSOURI AND MISSOURI DEPARTMENT OF CORRECTIONS AS POLICYMAKERS, CAN REASONABLY BE SAID TO HAVE BEEN DELIBERATELY INDIFFERENT TO PLAINTIFF BEING HOUSED IN AN STRUCTURALLY INADEQUATE HOUSING UNIT (8-HOUSE), WITH INADEQUATE VENTILATION, RETALIATED AGAINST FOR FILING REDRESS TO THE COURTS AND FILING ADMINSTRATIVE GRIEVANCES, THEN PLACED AMONG HIGH PROFILE PSYCHOTIC LEVEL (4) AND (5) MENTALLY-ILL INMATES, WITHOUT A POLICY-OR-DIRECTIVE TO SEPERATE MENTALLY-ILL FROM THE NON-MENTALLY-ILL INSIDE ADMINSTRATIVE SEGREGATION, CAUSING UNSANITARY CONDITIONS OF CONFINEMENT AND KEEPING PLAINTIFF FROM SLEEPING, THINKING AND CONCENTRATING FOR (7) SEVEN DAY PERIODS, AND DENIED SERIOUS

PSYCHOLOGICAL TREATMENT WAS IGNORED, AND DENIED MEDICAL TREATMENT FOR PSYCHIATRIC -AND- PSYCHOLICAL CONDITIONS, WHILE BEING IN A SERIOUS SUBSTANTIAL RISK OF SERIOUS HARM OF PHYSICAL INJURIES OF SPINAL BACK PAIN OF "SCOLIOSIS", NOSE BLEEDING, HEAD INJURY AND SHORTNESS OF BREATHING. THEN DEPRIVE OUTSIDE RECREATION FOR A PERIOD OF (5) FIVE MONTHS.

EACH DEFENDANT THE CITY OF JEFFERSON CITY, MISSOURI AND THE "MISSOURI DEPARTMENT OF CORRECTIONS" FAILED TO PROMOTE AND PROMULGATE CUSTOMS AND POLICIES OF A PREVENTIVE -OR- REMEDIAL NATURE. AND FAILING TO ESTABLISH AND ENFORCE ADEQUATE POLICIES AND CUSTOMS REGARDING THE PREVENTION, INVESTIGATION AND MAKING SURE PRISONERS AND PLAINTIFF WAS NOT PLACE INTO A INADEQUATE STRUCTURALLY DEFICIENT HOUSING -UNIT OF THE OFFICIALS AT (JEFFERSON CITY CORRECTIONAL CENTER) FOR THE CITY OF JEFFERSON CITY, MISSOURI AND THE MISSOURI DEPARTMENT OF CORRECTIONS... INWHICH INSTEAD, ENCOURAGED, TURN A BLIND-EYE AND CONDONE SUCH UNCONSTITUTIONAL BEHAVIOR, BY THEIR CUSTOMS AND POLICIES AMOUNTING TO ACQUISCENCE AND INDIFFERENCE TO VIOLATIONS OF ESTABLISHED STATUTORY LAW, AND CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS WHICH A REASONABLE PERSON WOULD HAVE KNOWN.

THE DEFENDANT(S) DELIBERATE INDIFFERENCE, HEREIN WAS IN ACCORDANCE WITH THE CUSTOMS, POLICIES AND PROCEDURES OF THE CITY OF JEFFERSON CITY, MISSOURI AND MISSOURI DEPARTMENT OF CORRECTIONS, INWHICH EACH OF THE NAMED DEFENDANT(S) WAS PUT ON NOTICE EITHER FACE TO FACE -OR- THROUGH ADMINISTRATIVE GRIEVANCES -OR- KNEW FAILURE TO TRAIN -OR- SUPERVISE. THE DEFENDANT(S) CAUSED EACH DEPRIVATION AND RECIEVED NOTICE OF A PATTERN OF UNCONSTITUTIONAL ACTS COMMITTED BY SUBORDINATES, AND HOUSING PLAINTIFF WITH OTHER PRISONERS IN A STRUCTURALLY INADEQUATE HOUSING

UNIT WITH INADEQUATE VENTILATION, WITHOUT CARING FOR PLAINTIFF PRESENT AND FUTURE HEALTH BEING AT RISK. PLAINTIFF LEGAL ACTIVITIES ARE SEVERELY BEING CURTAILED UNDER THESE CRUEL CONDITIONS OF CONFINEMENT AND HAVE BEEN CURTAILED.

THE DEFENDANT(S) IN THIS COMPLAINT DEMONSTRATED DELIBERATE INDIFFERENCE IN THE PREDICAMENT, AND FAILED TO TAKE SUFFICIENT REMEDIAL ACTION TO PLAINTIFF SUBSTANTIAL RISK OF SERIOUS HARM OF MEDICAL NEEDS OF SERIOUSNESS, RETALIATION FOR FILING REDRESS OF ADMINSTRATIVE REMEDIES, DENIED RECREATION FOR (5) FIVE MONTHS BECAUSE OF BEING ON A WALK WITH THE MENTALLY-ILL WHOM THREATEN HIM, PLACED IN A CELL WITH INADEQUATE VENTILATION, RETALIATED WITH THREATS OF DEATH AND THREATS TO DROP HIS GRIEVANCES SO HE WOULD REMAIN AROUND THE MENTALLY-ILL, PREVENTED SLEEP FOR (7) SEVEN DAY PERIODS ON NUMEROUS OCCASIONS WITHOUT THINKING AND CONCENTRATION, EXCESSIVE NOISE OF SCREAMING, BANGING DOORS AND DENIED PSYCHOLOGICAL TREATMENT FOR HEARING VOICES AND SUICIDAL REQUESTS, WHILE BEING RETALIATED AGAINST FOR FILING GRIEVANCES ABOUT THE HORRIBLE CONDITIONS OF HIS CONFINEMENT, AND THE RETALIATION LEAD TO LOCKING PLAINTIFF PERMENEATELY ON SINGLE-CELL MANDATED STATIS TO FULFILL PROMISES OF THREATS AND RETALIATION TO SHOCK THE CONSCIOUS.

PLAINTIFF PERFORMED A CONSTITUTIONALLY PROTECTED ACTIVITY, IMPERMISSIBLY ENGAGED IN RETALIATORY PUNISHMENT. DEFENDANT(S) PLACED PLAINTIFF ON MENTALLY-ILL WALK IN ADMINSTRATIVE SEGREGATION INTENTIONALLY UNDER INVESTIGATION FOR (5) FIVE MONTHS. THEN ONCE PLAINTIFF BEGAN FILING ADMINSTRATIVE GRIEVANCES ABOUT HIS CONDITIONS OF CONFINEMENT OF CRUEL UNUSUAL PUNISHMENT OF BEING DENIED BASIC LIFE NECESSITES. DEFENDANT(S) FABRICATED GRIEVANCE RESPONSES OF CLEANING THE VENT IN HIS CELL, REFUSE TO ANSWER THE FACTS DENYING HIM MEDICAL TREATMENT AND THREAT HIM WITH PHYSICAL AND PSYCHOLOGICAL HARM TO ENCOURAGE DROPPING HIS GRIEVANCES. DEFENDANT(S) THE CITY OF JEFFERSON CITY, MISSOURI, AND MISSOURI DEPARTMENT OF CORR, HAD NOTICE THAT IT PROCEDURES WHERE INADEQUATE AND LIKELY TO RESULT IN A VIOLATION OF CONSTITUTIONAL RIGHTS TO PLAINTIFF HEALTH AND SAFETY.

# Conclusion

The following is certified by James Spawn 160792 Jefferson City, Mo 65102, and each named defendant acted with malice and beyond the scope of their employment working under the color of law.

*[Notary seal: NOTARY PUBLIC NOTARY SEAL STATE OF MISSOURI]*

NOEL MADUKA OBI
My Commission Expires
February 5, 2018
Cole County
Commission #14575509

*[signature]* 8/19/14

James Spawn 160792
Jefferson City Corr. Center
8200 No More Victims Rd
Jefferson City, Mo
         65102

*[symbol]* August 19, 2014

MR. JAMES LEE SPANN #160792

JEFFERSON City CORRECTIONAL CENTER #8-E-101

8200 NO MORE Victims. Rd

JEFFERSON City, Missouri 65102

THIS CORRESPONDENCE IS FROM AN INMATE
IN THE CUSTODY OF THE
MISSOURI DEPARTMENT OF CORRECTIONS.
THE DEPARTMENT IS NOT RESPONSIBLE FOR THE
CONTENTS OF THIS CORRESPONDENCE. FOR
INFORMATION ABOUT THE DEPARTMENT OR TO VERIFY
INFORMATION ABOUT THE OFFENDER, PLEASE VISIT
OUR WEBSITE AT WWW.DOC.MO.GOV <http://WWW.DOC.MO.GOV>

MAILED FROM
JEFFERSON CITY
CORRECTIONAL CENTER



PRIORITY
★ MAIL ★

TRACKED
★ ★ ★
INSURED
★

**UNITED STATES**
**POSTAL SERVICE®**

For Domestic Use Only          Label 107R, July 2013

**UNITED STATES**
**POSTAL SERVICE®**

USPS TRACKING #



9114 9999 4423 8416 3103 91

UNITED STATES
POSTAL SERVICE



1094          64106

U.S. DISTRICT

OFFiCE OF THE

1510 WHiTAKER

400 E. NiNTH S

KANSAS City, Mi
6

LEGAL

MAiL