**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| JAMES LEE SPANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:14-CV-04259-BCW |
| GEORGE A. LOMBARDI, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the State Defendants[1] motion to stay. (Doc. #523). The Court, being duly advised of the premises, grants said motion.

The trial in this matter was set to begin on April 1, 2019. On March 29, 2019 the State Defendants indicated their intent to file in the Court of Appeals for the Eighth Circuit an interlocutory appeal of the Court's forthcoming order on their summary judgment motion based on the denial of qualified immunity. The Court continued the trial in this matter until the resolution of the appellate proceedings. (Doc. #520).

On April 9, 2019, the State Defendants filed a notice of interlocutory appeal (Doc. #524) and a motion to stay all proceedings in this Court (Doc. #523).

Where a party files an interlocutory appeal of an order denying summary judgment on qualified immunity, "the district court should then stay its hand . . . and the district court should not act further." Johnson v. Hay, 931 F.2d 456, 459 n.2 (8th Cir. 1991). Because Spann's remaining Counts I, II, and IV against the State Defendants assert violations of his First, Eighth, and

---

[1] The State Defendants include: Michael Cahalin, Jay Cassady, Shane Counts, Kelly Deardeuff, Dave Dormire, Alan Earls, George Lombardi, Raina Martin, Nick Miller, Timothy Murray, Noel Obi, April Purifoy, Brian Schmutz, and Jim Wakeman.

1

Fourteenth Amendment rights, the issue of qualified immunity permeates these claims. Although qualified immunity is not implicated, at least on the face of Spann's complaint, with respect to Spann's civil conspiracy Count V, the factual issues relating to other Counts are crucial to the resolution of the civil conspiracy count. (Doc. #522). Therefore, the Court grants the State Defendants' motion to stay all proceedings in this case pending the resolution of the interlocutory appeal. Accordingly, it is hereby

ORDERED the State Defendants' motion to stay (Doc. #523) is GRANTED.

IT IS SO ORDERED.

DATED: <u>April 22, 2019</u>                    <u>/s/ Brian C. Wimes</u>
                                JUDGE BRIAN C. WIMES
                                UNITED STATES DISTRICT COURT