UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JAMES LEE SPANN,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE LOMBARDI, et al.<br><br>    Defendants. | Case Nos. 14-4259, 16-4098 and 17-04074 |

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS AND SUGGESTIONS IN SUPPORT

Plaintiff James Lee Spann was confined for years in solitary administrative segregation at the Jefferson City Correctional Center, and during which time he was subjected to conditions of confinement that lead to demonstrable and needless pain and suffering, including serious medical injuries. *See* Consolidated Third Amended Complaint ("Complaint"), ECF No. 282 at ¶¶ 1, 49, 79–80, 85–86, 89–92, 113, 188.

Defendants have renewed their motion to dismiss Plaintiff's conditions of confinement claim in Count II of the Complaint, arguing now for qualified immunity. *See* Defendants' Motion to Dismiss and Suggestions in Support ("Motion to Dismiss"), ECF No. 537 at 4-6. But Plaintiff has alleged how the State's housing of severely mentally ill inmates in administrative segregation, coupled with denial of recreation and inadequate ventilation, infringed on his well-established constitutional rights and physically damaged him. These allegations state a claim for relief and Defendants are not entitled to the protections afforded by qualified immunity. For much the same reasons as provided in Plaintiff's motion to reconsider, which the Court granted, the Court should overrule the instant motion.

**ARGUMENT**

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual allegations, which must be accepted as true, to state a claim for relief that is plausible on its face. *Perez v. Doe*, 931 F.3d 641, 646 (8th Cir. 2019). *See also* Rule 12(b)(6). The defendants in a civil rights action may be entitled to qualified immunity unless a plaintiff shows (1) that the defendants violated the plaintiff's constitutional right, and (2) that that right was clearly established at the time of the alleged misconduct. *See Langford v. Norris*, 614 F.3d 445, 459 (8th Cir. 2010).

**1.1 Plaintiff alleges facts, which accepted as true, demonstrate the violation of a constitutional right**

The Eighth Amendment imposes duties on prison officials to provide "humane conditions of confinement," ensure all inmates "receive adequate food, clothing, shelter, and medical care," and "take reasonable measures to guarantee the [inmates'] safety." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation omitted). The concept underlying the Eighth Amendment is "nothing less than the dignity of man," and the Supreme Court has concluded "[p]risoners retain the essence of human dignity inherent in all persons." *Brown v. Plata*, 563 U.S. 493, 510 (2011) (quotation omitted).

To state a claim for an Eighth Amendment violation for dangerous conditions of confinement, a plaintiff must show both an objective and subjective element. *Simmons v. Cook,* 154 F.3d 805, 807 (8th Cir. 1998). The objective element may be shown in either of two ways. It may be satisfied by demonstrating either (1) "the prison official's act or omission [resulted] in the denial of 'the minimal civilized measure of life's necessities'; or [(2)] the prison official [incarcerated] the inmate under conditions 'posing a substantial risk of

serious harm.'" *Id.* (quoting *Farmer,* 511 U.S. at 834). Further, the Eighth Amendment is broader than the "infliction of physical pain" but also protects against "mental anguish[] and misery." *Scher v. Engelke*, 943 F.2d 921, 924 (8th Cir. 1991). The subjective inquiry into prison officials' deliberate indifference requires "more than mere negligence, but does not require acting for the very purpose of causing harm or with knowledge that harm will result." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) (quoting *Farmer*, 511 U.S. at 835) (quotation marks omitted). "[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* (quoting *Farmer*, 511 U.S. at 836).

Regarding the objective element, Plaintiff alleges his confinement alongside prisoners suffering from severe mental illness caused him to suffer protracted sleep deprivation for numerous seven-day periods and eventual hallucinations. *See* Complaint at ¶¶ 89-92. In humane living conditions, people are not prevented from sleeping for seven-day periods merely because of their neighbors. Numerous courts have found that conditions like those alleged by Plaintiff give rise to claims under the Eighth Amendment. *See Gates v. Cook,* 376 F.3d 323, 342-43 (5th Cir. 2004) (affirming trial court injunction against housing certain inmates in cells next to psychiatric patients who scream, beat on metal toilets, and throw feces, resulting in chronic sleep deprivation); *Thaddeus-X v. Blatter,* 175 F.3d 378, 402-03 (6th Cir. 1999) (placing a non-mentally ill inmate in with mentally ill inmates created an unreasonable health risk for the prisoner-plaintiff sufficient to survive summary judgment on Eighth Amendment claim); *DeMallory v. Cullen,* 855 F.2d 442, 444-46 (7th Cir. 1988) (reversing dismissal of conditions of confinement claim where prisoner was housed with mentally-ill inmates who created disturbances and unsanitary conditions by throwing food,

3

human waste, and other debris); *Goff v. Harper,* 59 F. Supp. 2d 910 (S.D. Iowa 1999); *Carty v. Farrelly,* 957 F. Supp. 727, 738-39 (D.V.I. 1997) ("Failure to house mentally ill inmates apart from the general prison population also violates the constitutional rights of both groups.").

In *Goff,* the court considered whether prison officials violated the Eighth Amendment by housing mentally stable inmates intermingled among mentally ill inmates who either could not or did not control their behavior. *Goff,* 59 F. Supp. 2d at 926. In holding there was an Eighth Amendment violation, the court noted that mentally stable inmates were subjected to "pandemonium and bedlam" caused by being housed next to mentally ill inmates and that one inmate testified this housing situation prevented sleep, caused him high blood pressure, and turned him into a "mad man." *Id.* The court singled out one cellhouse as violative of the Eighth Amendment, noting the mentally ill inmates there were "banging and screaming and carrying on at all hours of the day and night." *Id.* at 927. The court looked favorably on the prison officials' plan to remedy the violation, which included using a "special needs unit" to house and treat mentally ill inmates, adding a doctorate level psychologist to prison staff, and ensuring the delivery of proper medical treatment for mentally ill inmates. *Id.* at 926-27.

Plaintiffs' Complaint alleges similar facts. Plaintiff's cell was on a "walk" that also housed extremely high-profile mentally ill-inmates. Complaint at ¶ 89. Because those inmates routinely kicked doors, screamed, committed suicide attempts (requiring the lights on the "walk" to be left on overnight), talked to themselves, threw feces and urine on staff, and were chemically maced, Plaintiff was constantly prevented from sleeping. *Id.* at ¶ 90. Plaintiff was prevented from sleeping for seven-day periods on numerous occasions and began hearing voices. *Id.* at ¶ 91. Combined with the other conditions of his confinement, Plaintiff passed-out in his cell, striking his head. *Id.* at ¶ 85, 113. Plaintiff was forced to live in

4

substantial risk of serious harm and with serious physical injuries caused by a severe lack of sleep and the inadequate ventilation system. *See id.* at ¶¶ 92, 113. Accordingly, Plaintiff has plead facts with sufficient particularity to meet either of the two ways a prisoner can meet the objective element.

Regarding the subjective element, Plaintiff wrote to Defendants Lombardi, Earls, Dormire, and Cassady and spoke with Defendants Schmutz and Humphreys face-to-face, providing them notice of these conditions. *Id.* at ¶¶ 93–94. Defendants subsequent inaction constituted deliberate indifference. Accordingly, Plaintiff has plead facts with sufficient particularity to satisfy the subjective element, and, in sum, his Complaint sufficiently alleges an Eighth Amendment claim for dangerous conditions of confinement for being housed on the same "walk" as severely mentally ill inmates.

Plaintiff also alleges that the ventilation system inside his cell caused him breathing difficulties, serious nose bleeding, and back pain and that he passed out as a result on multiple occasions. *See* Complaint at ¶¶ 78–79. In humane living conditions, people do not regularly pass out or suffer severe physical pain merely because of their ventilation systems. Numerous courts have found that conditions like those alleged by Plaintiff give rise to claims under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993) (recognizing right to a smoke-free prison environment where inmate's exposure to environmental tobacco smoke because of inadequate ventilation system created unreasonable risk of serious damage to future health); *Board v. Farnham*, 394 F.3d 469, 487 (7th Cir. 2005) ("For almost two decades this court, as well as other circuit courts, have continually espoused a prisoner's right to adequate ventilation."); *Benjamin v. Fraser*, 343 F.3d 35, 52 (2d Cir. 2003) (recognizing right to adequate ventilation); *Chandler v. Baird,* 926 F.2d 1057, 1065 (11th Cir.

5

1991) (same); *Shelby Cnty. Jail Inmates v. Westlake*, 798 F.2d 1085, 1087 (7th Cir. 1986) (same).

Regarding the objective element, Plaintiff alleges that his cell had an inadequate ventilation system, and black particles of an unknown substance, bugs, and the odor of chemicals and human waste entered Plaintiff's cell, causing him to become extremely sick. Complaint at ¶¶ 78-79. Plaintiff became so sick from the conditions in his cell that he passed out. *Id.* at ¶ 85. Plaintiff was finally seen for the nose bleeding caused by the inadequate ventilation system on June 10, 2014. *Id.* at ¶ 86. The chemical fumes produced by the ventilation system coupled with an adverse reaction to certain medication caused Plaintiff to pass out, hit his head, and remain on the floor of his cell totally unconscious with serious physical injuries for three hours. *Id.* at ¶¶ 113-15. Accordingly, Plaintiff has plead facts with sufficient particularity to meet the objective element.

Regarding the subjective element, Plaintiff alleges he wrote Defendants Lombardi, Earls, Dormire, and Cassady, providing them notice that this system caused him breathing difficulties, serious nose bleeding, and back pain. *Id.* at ¶ 80. Although Defendants Lombardi, Earls, Dormire, and Cassady suggested Plaintiff file medical request forms or other grievances, they took no action in response. *Id.* at ¶ 81. Plaintiff also informed Defendant Schmutz of the conditions in his cell, but Defendant Schmutz responded that even though he had a sinus infection caused by the ventilation system, Plaintiff should stop complaining. *Id.* at ¶¶ 82-84, 95. Plaintiff spoke with Defendant Wakeman who stated words to the effect of: "I don't care if you eat mud patties coming out of those vents, because I don't live inside those cells and do not care if the vents are cleaned out or not[, s]o stop filing grievances," before filing a false report indicating he had cleaned the ventilation system. *Id.* at ¶ 89. Accordingly,

6

Plaintiff has plead facts with sufficient particularity to meet the subjective element, and, in sum, his Complaint sufficiently alleges an Eighth Amendment claim for dangerous conditions of confinement for being housed in a cell with a ventilation system that caused him serious medical injuries.

And all of these conditions were exacerbated by the fact that Plaintiff was denied even the three-hours per week of outdoor recreation he should have gotten for as long as six-months at a time. *See* Complaint at ¶¶ 49, 188; *Goff*, 59 F. Supp. at 924 (recognizing the denial of exercise over a period of several months as an Eighth Amendment violation). That is, not only was Plaintiff subjected to the bedlam of being confined with severely mentally ill prisoners and subjected to inadequate ventilation, he was also denied the only respite he could have had from those conditions. *See* Complaint at ¶¶ 49, 188.

Finally, it is worth reiterating that the conditions of confinement Plaintiff alleges are not isolated incidents. Plaintiff alleges he was housed inside solitary administrative segregation for a period of many years without just cause or due process. *Id.* at ¶¶ 43, 49, 50–77; Order Denying MDOC Defendants' Motion for Summary Judgment, ECF No. 552. *Cf. Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (Eighth Amendment prohibits unnecessary and wanton infliction of pain). Further, even though any one of being housed next to mentally ill inmates, being denied recreation for six-months, being subjected to an inadequate ventilation system, or being held in administrative segregation *for years* without just cause or due process, as alleged by Plaintiff, alone would be sufficient to state a claim for dangerous conditions of confinement, Plaintiff's Complaint demonstrates these conditions also had a combined effect of creating inhumane and dangerous conditions of confinement. *See id.* at ¶¶ 78-96, 113. *Cf. Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991) (citing examples) ("Some

conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need … for example, a low cell temperature at night combined with a failure to issue blankets."). When the complaint is read in the light most favorable to Plaintiff, it states a claim under the Eighth Amendment that is not subject to qualified immunity.

### 1.2 The Eighth Amendment rights Plaintiff alleges Defendants violated were clearly established at the time of the misconduct

Defendants are not entitled to qualified immunity because the right to humane conditions of confinement Plaintiff alleges—*i.e.*, his right to sleep and his right to breath—was clearly established at the time of Defendants' conduct.

"A right is clearly established if it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Brown v. Fortner*, 518 F.3d 552, 561 (8th Cir. 2008) (quotation omitted). The right at issue must have been defined at the "appropriate level of specificity" at the time of the alleged violation. *Id.* (quotation omitted). However, the Supreme Court has made clear there "need not be a case with materially or fundamentally similar facts" for officials to know their conduct violates the Constitution. *Id.* (quotation omitted). "A right is clearly established if the law, as established at the time of the events in question, gave the officials fair warning that their alleged conduct was unconstitutional." *Id.* (quotation omitted).

It is beyond dispute that the right to be free from dangerous conditions of confinement was clearly established at the time of Defendants' alleged conduct. *See, e.g., Farmer*, 511 U.S. at 834. The Courts of Appeals have recognized the right to sleep as one of

life's necessities, subject to Eighth Amendment protections. As the Second Circuit has recognized, "[S]leep is critical to human existence, and conditions that prevent sleep have been held to violate the Eighth Amendment." *Walker v. Schult*, 717 F.3d 119, 126-27 (2d Cir. 2013) (collecting cases). *See also Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999) ("[S]leep undoubtedly counts as one of life's basic needs. Conditions designed to prevent sleep, then, might violate the Eighth Amendment."); *Singh v. Holcomb*, No. 91-3395WM, 1992 U.S. App. LEXIS 24790, at *3 (8th Cir. 1992) (per curiam) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)) (sleep deprivation may be cognizable if it shows the "extreme deprivation" needed to fulfill the objective component of an Eighth Amendment conditions-of-confinement claim). Additionally, the Supreme Court and the Courts of Appeals have recognized the right to adequate and safe ventilation in a prisoner's cell. *See Helling*, 509 U.S. at 35; *Board*, 394 F.3d at 487 ("For almost two decades this court, as well as other circuit courts, have continually espoused a prisoner's right to adequate ventilation."); *Benjamin*, 343 F.3d at 52; *Chandler,* 926 F.2d at 1065; *Shelby Cnty. Jail Inmates*, 798 F.2d at 1087. Finally, the Eighth Circuit has recognized that a denial of out-of-cell recreation can, in appropriate circumstances, rise to the level of an Eighth Amendment violation. *See Wishon v. Gammon,* 978 F.2d 446, 448–49 (8th Cir. 1992); *see also Goff*, 59 F. Supp. at 924 (recognizing the denial of exercise over a period of several months as an Eighth Amendment violation). Accordingly, the rights Plaintiff seeks to vindicate were clearly established at the time of Defendants' alleged conduct such that Defendants are not entitled to the protections afforded by qualified immunity.

### 1.3     Defendants mischaracterize Plaintiff's claim

Defendants argue Plaintiff's desire to be housed away from mentally ill inmates ignores that Plaintiff was placed in administrative segregation because of a finding of a major conduct violation (which Plaintiff disputes) and that those other inmates may have similar behavior problems. Motion to Dismiss at 5-6. But this argument assumes its conclusion and, in so doing, it fails to acknowledge the substance of Plaintiff's allegations regarding his housing near mentally ill inmates—*i.e.*, that such housing caused him severe sleep deprivation as well as physical and psychological injuries. *Cf. Walker*, 717 F.3d at 126-27 ("Sleep is critical to human existence, and conditions that prevent sleep have bene held to violate the Eighth Amendment."). Similarly, Defendants mischaracterize Plaintiff's Complaint as asserting "a free-standing right to control a prison's ventilation system." Motion to Dismiss at 5. But based on all the allegations described in detail above, that mischaracterization plainly gives short shrift to allegations in Plaintiff's Complaint. Moreover, it is not *control* over the ventilation system that is the source of Plaintiff's right, but the right to breathe clean air. *Cf. Brown*, 563 U.S. at 510 ("Prisoners retain the essence of human dignity inherent in all persons."); *Helling*, 509 U.S. at 35 (right to smoke-free prison environment). Finally, as the Eighth Circuit has long held, we do not conduct a piecemeal analysis of a prisoner's conditions when considering the Eighth Amendment's protections of a prisoner's conditions of confinement. *See Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989) ("Any analysis of confinement conditions must be based on the totality of the circumstances."). Defendants' arguments for dismissal are unavailing.

## CONCLUSION

Just as with Plaintiff's claims under the First and Fourteenth Amendments, so too has Plaintiff stated a claim for relief under the Eighth Amendment. Plaintiff has alleged with particularity facts that demonstrate dangerous conditions of confinement. Further, this right was clearly established at the time of the alleged violations that Defendants had fair warning their conduct violated the Constitution. And Plaintiff has alleged how the conditions of his confinement harmed him, both physically and psychologically. Accordingly, Defendants cannot demonstrate entitlement to qualified immunity.

At a minimum, because Plaintiff put Defendants on notice of these issues, there is a question of fact whether the Defendants had the requisite knowledge. Importantly, this is a question for the jury at trial—not an issue revealing any deficiency in Plaintiff's Complaint for failure to state a claim. Defendants' Motion to Dismiss should be overruled.

Dated: August 14, 2020          **LEAR WERTS LLP**

         By:   /s/ Todd C. Werts
                Bradford B. Lear, Mo. Bar 53204
                Todd C. Werts, Mo. Bar 53288
                Anthony J. Meyer, Mo. Bar 71238
                (*admission application forthcoming*)
                103 Ripley Street
                Columbia, MO 65201
                Telephone: 573.875.1991
                lear@learwerts.com
                werts@learwerts.com
                meyer@learwerts.com
                **COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above and foregoing was served on Defendants' counsel of record via email on this 14th day of August, 2020. That system will serve copies on all those seeking notice.

/s/ Todd C. Werts