UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JAMES LEE SPANN ) | |
| aka MELVIN FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-4259-CV-C-BCW |
| ) | |
| GEROGE LOMBARDI, et. al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' REPLY SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS

Defendants, prison officials employed or formally employed by the Missouri Department of Corrections, have filed a Motion to Dismiss asserting that they are entitled to qualified immunity. Plaintiff has filed Suggestions in Opposition to the Motion. Defendants reply as follows:

To defeat a claim of qualified immunity, the plaintiff must show the violation of a clearly established right by pointing to a controlling case or robust consensus of cases of persuasive authority that places the constitutional question beyond debate. *See Dillard v. O'Kelley*, 961 F.3d 1048, 1052 (8th Cir. 2020). Plaintiff has failed to meet this standard.

In his opposition to the Motion to Dismiss, Plaintiff cited cases in support of his claim that he has alleged the violation of clearly stablished

rights. However, even assuming the facts of these cases are identical to Plaintiff's factual allegations, which they are not, Plaintiff cannot show the constitutional question at issue is beyond debate.

The reason Plaintiff cannot show this is because of a case Plaintiff fails to discuss in his opposition—*Hamner v. Burls*. This is a case from last year where the Eighth Circuit affirmed the dismissal of claims similar to Plaintiff's. *Cf. Hamner v. Burls*, 937 F.3d 1171, 1174-75 (8th Cir. 2019) ("For purposes of a motion to dismiss, we take the facts as alleged in Hamner's pleadings as true and apply all reasonable inferences in his favor. Hamner is an inmate in the custody of the Arkansas Department of Corrections. . . . Administrative segregation allegedly affected Hamner's health. He describes being 'deprived of his prescribed adequate medical treatment and medication' and having his 'pleas' for treatment 'ignored.' These deprivations, combined with the stress of solitary confinement and the alleged futility of his review process, impacted his mental health: he 'often couldn't sleep, had a lack of appetite, hallucinations, nightmares, restlessness, anxiety and panic attacks,' and felt a risk of 'irreparable emotional damage' or suicide. Hamner alleged that he was 'skipped [r]andomly at pill call,' and that officers working in the administrative segregation unit knew about the gaps in his treatment.").

The Eighth Circuit decided this case less than a year ago. In it, the court surveys the case law and holds that the plaintiff failed to allege a violation of a clearly established right.

In doing so, the court explained: "In evaluating an officer's claim to qualified immunity, '[t]he dispositive question is whether the violative nature of *particular* conduct is clearly established.' . . . Neither *Langford* nor *Johnson-El* shows that the 'particular conduct' alleged in Hamner's pleadings runs afoul of the Eighth Amendment. A reasonable prison official, aware of the alleged gaps in Hamner's treatment, could have understood the Eighth Amendment to allow administrators an opportunity to fix problems that arise in a prison's health care system by responding to grievances and taking corrective actions." *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019) (emphasis in original) (citation omitted).

In other words, a plaintiff cannot simply cite a case for a general principle of constitutional law and then claim the defendant's conduct violated that principle. *See Dillard v. O'Kelley*, 961 F.3d 1048, 1052 (8th Cir. 2020) ("The Supreme Court 'has repeatedly told courts . . . not to define clearly established law at a high level of generality.'") (modification in original) (citation omitted). Rather, the plaintiff must allege specific conduct that beyond debate violates the constitution.

Here, Plaintiff alleges he told Defendants about various conditions of confinement, and they failed to take corrective action. But he concedes that at least some of the defendants "suggested Plaintiff file medical request forms or other grievances". *See* Suggestions in Opposition, p. 6.

Given the analysis in *Hamner*, these allegations do not implicate constitutional questions that are beyond debate.

For this reason, Defendants are entitled to qualified immunity, and they respectfully request this Court to dismiss Count II of Plaintiff's Complaint.

Respectfully submitted,

**ERIC S. SCHMITT**
Missouri Attorney General

/s/ *Gerald M. Jackson*
Gerald M. Jackson
Assistant Attorney General
Missouri Bar No. 66995

P.O. Box 899
Jefferson City, MO 65102
Phone (573) 751-7493
Fax (573) 751-9456
Email: Gerald.Jackson@ago.mo.gov

*/s/ D. Ryan Taylor*
D. RYAN TAYLOR
Assistant Attorney General
Missouri Bar No. 63284
Fletcher Daniels State Office Building

615 E. 13th Street, Suite 401
Kansas City, MO 64106
Phone: (816) 889-5008
Fax: (816) 889-5006
ryan.taylor@ago.mo.gov

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2020, I electronically filed the foregoing with the Clerk of the Court's ECF system which sent notification to the following:

Bradford Lear
Todd Werts
Lear & Werts LLP
2003 W. Broadway, Suite 107
Columbia, MO 65203

/s/ *D. Ryan Taylor*
D. RYAN TAYLOR
Assistant Attorney General